## WALSH vs. DART, impleaded with PHŒBE BLATCHLEY.

The courts of this state will not take judicial notice of the laws of other states, but in the absence of any proof to the contrary, will presume them to be in accordance with our own.

By the law of this state, bills payable at sight are entitled to three days of grace, and in a suit in a court of this state against the indorser of such a bill, payable in the state of New York, the court must presume, unless there is proof to the contrary, that the bill was entitled to days of grace by the law of that state, and hold that a protest of such bill for non-payment on the day it was first presented to the drawees, was premature and insufficient to charge the indorser.

APPEAL from the Circuit Court for *Marquette* County.

This was an action of assumpsit, (brought before the adoption of the Code), by an indorsee against the indorsers of a bill of exchange. The declaration contained the common money counts, with a copy of the bill sued upon, which was as follows:

"San Francisco, Oct. 6, 1854.

At sight of this second of exchange (first and third unpaid), pay to the order of Phœbe Blatchley two hundred and fifty dollars, value received, &c.     ADAMS & Co.

To Messrs. Adams & Co., New York."

Plea, the general issue. Trial by the court. The facts found by the judge were, that the first bill of the set was indorsed by the defendant *Dart*, to the plaintiff, on the 12th of January, 1855; that the plaintiff, on the 26th of that month, sent it by mail to his correspondent in New York, for presentment to the drawees; that, by some delay in the mail, the bill did not reach New York until the 9th of April following; that about the last of March, the plaintiff, fearing the bill was lost, procured the defendants to indorse and deliver to him the *second* of the set (which indorsement was made on Sunday); that the second of the set was presented for payment to the drawees on the 3d of April following, and payment being refused, was on that day protested for non-payment, and due notice thereof given to the indorsers; that the defendant *Phœbe*, at the time of indorsing said bill, was a married woman; and that the first of the set was never presented for payment. His conclusions of law were, that all the bills passed by the the indorsement of the first of the set; that the plaintiff was not guilty of any *laches* in the forwarding or presentment of that bill; that the presentment of the second of the set to the drawees for payment, the protest of it for non-payment and due notice thereof to the indorsers, fixed the liability of the indorsers; that the defendant *Phœbe* was not liable to a personal action on her indorsement, and that the plaintiff was entitled to judgment against the defendant *Dart*, for the amount of the bill, with interest from the date of protest, and costs.

At the time the plaintiff offered in evidence the second of the set of bills, and the certificate of its protest, the defendants objected to their admission, on the ground that said bill had not been presented for acceptance nor protested for non-acceptance, and that no notice of its non-acceptance had been given to the defendants, and also on the ground that the demand of payment was not made at the proper time, to wit, on the third day after presentment, which objections were overruled, and the defendants excepted. The first of the set of bills appears to have been produced at the trial. Judgment against *Dart*, from which he appealed.

*Wheeler & Kimball*, for appellant:

1. Bills of exchange payable at sight are entitled to days of grace by the law merchant, and must be presented for acceptance to fix the time when payment may be demanded. Story on Bills, p. 270, § 228; 2 Greenl. Ev., § 186; Chit. on Bills, 377; Edwards on Bills, pp. 386, 387. There was no statute in New York at the time this bill was presented for payment, changing the common law rule. No demand of payment can be made, nor notice of non-payment given, so as to fix the liability of the indorser on such a bill, till the third day after presentment. The drawees were not obliged to pay this bill when presented. It might have been paid, if payment had been demanded on the third day of grace. Hence the indorser is discharged. Story on Bills, *supra; Hart vs. Smith*, 15 Ala., 807. 2. The plaintiff, by keeping the bill fourteen days before mailing it to New York or putting it in circulation, is guilty of such *laches* as to discharge the indorser, there being no proof of any excuse for the delay. *Mohawk Bank vs. Broderick*, 13 Wend., 135; *Gough et al. vs. Staats*, 13 id., 549; *Smith vs. Janes*, 20 id., 192; *Harker vs. Anderson*, 21 id., 372.

*Hopkins & Johnson*, for respondent, contended that bills drawn at sight are not entitled to days of grace according to the commercial law of New York, but are payable on presentment, and if not then paid, should be protested for non-payment, citing *Martin vs. Trask*, 1 E. D. Smith, N. Y., 505. A protest of non-payment need not certify non-acceptance of the bill, 4 Dall., 193; 3 id., 368–424. As to delay in not presenting the bill, the court below found that the plaintiff was not guilty of *laches*, and no motion for a new trial was made.

*By the Court*, COLE, J. The only question in this case is, whether days of grace are allowable in New York upon a bill of exchange payable at sight. The action is by an indorsee against an indorser of such a bill, and it is claimed that the latter is discharged on account of the neglect to present the bill for payment at the proper time, and give notice of non-payment, so as to fix the liability of the indorser. The drawees lived in New York, and of course the law of

that state would govern as to the proper time to present a sight bill for payment. It is contended by the counsel for the respondent that by the law of New York, a bill of exchange payable at sight was due on presentment. And we have been referred to an exceedingly able and well-reasoned decision (*Trask vs. Martin*, 1 E. D. Smith, 505,) of the court of common pleas of New York city, where the question is distinctly decided, and it is held that days of grace are not allowable on bills payable at sight, in New York city. But the difficulty with the case at bar· is that there was no attempt to prove upon the trial, what the law of New York is upon that subject. By the statute of this state, days of grace are allowed on bills of exchange payable at sight. Sec. 5, chap. 60, R. S., 1858. We must, therefore, in the absence of all proof to the contrary, presume that the law of New York is the same as in this state, and that grace is allowable upon bills payable at sight. For we have held that we will not take judicial notice of the laws of other states, but will presume them to be in accordance with our own until the contrary appears; and that whenever any difference is relied on, it is incumbent on the party relying on it, to prove that difference for the information of the court. *Rape vs. Heaton*, 9 Wis., 328; 2 Phillips on Ev., Cowen, Hill and Edwards' Ed., p. 427, and notes. Now if, by general principles of commercial law, days of grace are not allowed on sight bills in New York city, this fact should have been established by testimony on the trial. Otherwise, how can we assume that the law of that state is different from the law of this, upon the point under review? "In a late case in Louisiana," cited in note 1, p. 131, 8th edition Kent's Com., "the question arose, and it became necessary to determine whether sight bills are entitled to grace in New York. Upon a commission issued, several of the principal lawyers, brokers and notaries of New York, were examined, and the court decided, upon a vast· preponderance of evidence, that they were not." .*Nimick vs. Martin*. Some such practice should have been adopted in the present case, or some steps taken to show what the rule in New York was. As this was not done, we

cannot see but the judgment must be reversed, and a new trial awarded.

In the absence of our statute upon the question, it is not entirely clear whether it would be held that in this state a bill of exchange drawn payable at sight was due on presentment, or on the third day thereafter. There is some conflict of authority, and the point does not seem to be entirely settled by them. But still our statute removes all doubt, and it is therefore unnecessary to inquire whether it is in affirmance of the general principles of commercial law or not.

The judgment of the circuit court is reversed, and a new trial ordered.