Snyder vs. Wright.

January Term,
1861.

Under the provisions of chap. 264 of the laws of 1860, the supreme court is required to review questions of fact as well as of law, when the trial was had before the court below without a jury, and exceptions have been taken to the finding upon matters of fact.

In this case, the court reverses the judgment of the circuit court, on the ground that the finding of that court is not sustained by the evidence.

| Snyder | 13 | 689 |
|---|---|---|
| v. | 76 | 342 |
| Wright. | 13 | 689 |
| | 89 | 649 |
| | 13 | 689 |
| | 92 | 536 |

APPEAL from the Circuit Court for *Winnebago* County.
*Wheeler & Coolbaugh*, for appellant.
*A. P. Hodges* and *M. A. Edmonds*, for respondent.

*By the Court*, Dixon, C. J. This is the first case in which
we have been asked, under the provisions of chapter 264 of
the Laws of 1860, to review questions of fact in a common
law action, when the trial below was had before the court
without a jury. The 13th section of that act provides, that
when any issue of fact is tried by the court, either party, for
the purposes of an appeal, may, within ten days after written
notice of the entry of judgment, or without such notice, file
with the clerk written exceptions to the facts found by the
judge who tried the cause, or to his conclusions of law there-
on, or both, or to any of them; and may, in case of an ap-
peal or writ of error brought upon the judgment rendered
upon such decision, incorporate such written exceptions into
the bill of exceptions in the case. The 14th section con-
tains similar regulations as to excepting to facts found in
cases tried before a referee. The 16th section provides, that
upon appeals to this court from judgments in such cases,
this court may review any question of fact as well as of law,
decided by the court or referee, where exceptions have been
taken to the findings upon matters of fact. The method
here prescribed for the settlement of doubtful and disputed
questions of fact in actions at law, is certainly novel and ex-
traordinary. Its wisdom and propriety remain to be tested,
provided the law is to continue upon our statute book. For
ourselves we may say that we doubt them, and were we
permitted to give advice upon the subject, we should coun-
sel its immediate repeal. The disadvantages of such a mode

January 8.

for the ascertainment and final determination of facts, in cases where, for the most part, the witnesses are required to appear and give their evidence personally before the court or tribunal having original cognizance of the cause, are so obvious that they will readily suggest themselves to every professional, and even non-professional person, of ordinary experience and intelligence. By it the court of last resort is, in a great measure, deprived of the opportunity of scrutinizing the interest, motives, inclination and prejudices of the witnesses, their means of obtaining correct information, and the use they have made of them, their powers of perceiving facts, the attention which they gave, and their capacity for remembering and stating them. The opportunity of observing their manner and deportment, the effect of a cross-examination, and many other circumstances which are often of quite as much importance in ascertaining the truth as the answers themselves, are wholly lost. Denied these advantages, the court is compelled to decide upon the answers alone, and give its opinion against that of a court possessing them. Will any one say that such a mode of trying facts is the best and most satisfactory, or that it will not unavoidably lead to many erroneous and unjust conclusions? We think not. It seems to us that all must concede that such will be the result. Yet, as we understand the language of the statute—and it is neither doubtful nor ambiguous—such is the mode which the legislature meant to establish. In view of these disadvantages, and the increased and almost intolerable burden which it will impose upon the members of this court, of examining the details of long and complicated statements of fact, which are only proper for the consideration of a court or jury before whom the witnesses personally appear, we regret that there are no legal or constitutional means by which we can restrict such investigations to courts of original jurisdiction. As we know of no such means, we must, however reluctantly, perform the duty thus imposed, to the best of our ability.

As we understand the office and effect of exceptions of fact, as created by the act, they stand on the same footing as exceptions of law have heretofore stood; and we are to de-

cide them upon the record as exhibited to us, the same as we decide those of law, making no allowance for those circumstances which do not, and from their nature cannot be made to, appear upon the record. The language fairly implies that such was the intention of the legislature, and we can give it no other construction.

Acting upon this rule, we give it as our opinion in this case, that there was a preponderance of evidence in favor of the appellant, and that the circuit judge's finding of facts was erroneous. The material fact in dispute was (see *Cady vs. Shepard*, 12 Wis., 639, and *Davis vs. Barron*, *ante*, 227, decided at the present term), whether the respondent, *Wright*, indorsed the note before the money for which it was given was delivered to the maker, Scott. If he did so indorse, it will be conceded that, within the doctrine of the cases referred to, he is responsible to the appellant as payee; and in this respect it can make no difference whether he indorsed at the request of the maker, or payee, or his agent; for the material question then is not, at whose instance the indorsement was made, but did the payee part with his money on the strength of the indorsement, and relying upon the credit of the indorser; and of this, the fact that the indorsement was made before the money was delivered, will be sufficient evidence. Upon the point as to whether the indorsement was made before the delivery of the money, three witnesses were examined, viz., Scott, the maker of the note, *Wright*, the indorser, and Adams, the agent of the appellant, who transacted the business. Scott testifies to nothing positively upon the subject. He says that he has no recollection of seeing the signature of *Wright* upon the note at the time the money was paid, but admits that it might have been there without falling under his observation. *Wright* swears that he indorsed the note on the day upon which it appears from the testimony of the other witnesses that it was negotiated, and the money paid over, but whether before or after he does not undertake to say. He and all the witnesses agree in saying that he was not present when it was paid. Adams states unequivocally and upon his own positive knowledge, that the indorsement was made at the time he paid over the

money. In this statement he is not contradicted. His means of information were equal and even superior to those of the other witnesses, and he certainly had as much interest as any other in attending to and ascertaining the fact, for he was instructed by the appellant, his principal, not to part with the money without the indorsement. It is true, that there appears to be some conflict between him and the others upon some other points; but it is of such a nature that we cannot regard the record statement of it as seriously affecting the credibility of either. We must look upon them all as speaking truthfully when testifying to matters which they claim to know. In this view it is clear that the evidence bears most strongly in favor of the appellant; and we must so hold.

In coming to this conclusion, we are by no means satisfied that we are correct, and that the circuit judge was not so. It may well be that if we could witness the trial as he did, we should see that the scales fairly turned to the side of the respondent, and should concur in his decision.

But we must determine the case with such light as is given us, and according to that, the judgment must be reversed, and the cause remanded, with directions that judgment be rendered for the plaintiff, pursuant to the prayer of the complaint.

NOTE.—The above case was inadvertently omitted from its proper place.