DUNNIGAN VS. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

Where a railroad company permits its cattle guards to remain filled with snow, so that cattle which have gotten upon the highway without any negligence on the part of the owner, pass over the guards, and in consequence of being thus upon the track are injured by a train, the company is liable for the damages.

APPEAL from the Circuit Court for *Rock* County.

This action was for damages for the negligent killing by the defendant of cattle belonging to the plaintiff. The plaintiff introduced evidence tending to prove that the cattle were killed by being run over by a train on the defendant's track, a short distance south of a point where the track crossed a high-

JANUARY TERM, 1864.                                29

Dunnigan vs. The Chicago & North-Western Railway Co.

way; that the track was fenced on both sides; that along the south side of the highway there was a fence reaching down to the track on each side of it, and that across the track was a cattle guard; that the guard was at the time filled with snow closely packed, and had been so filled for some time previous; that there was an opening in the fence on the south side of the highway, a short distance east of the track, through which the cattle escaped upon the highway; that from the highway they went upon the track to the place where they were killed, by passing over the cattle guard; and that the plaintiff's land lay on the eastern side of the railroad some distance south of the highway, and the tract between it and the highway belonged to another person, but was not fenced off from the plaintiff's land. The instructions given to the jury are sufficiently stated in the opinion of this court. Verdict and judgment for the plaintiff.

*Eldredge & Pease*, for appellant, contended that the instruction excepted to was erroneous because it did not leave to the jury the question of negligence on the part of the plaintiff concurring to produce the injury.

*John Winans*, for respondent.

*By the Court*, COLE, J. The circuit court gave, without qualification or amendment, the several instructions asked for by the appellant on the trial. Those instructions embraced many propositions defining the duties, rights and liabilities of the parties. Among other things, the jury were told that if the evidence showed that the injury to the cattle was occasioned by the mutual negligence of the plaintiff and defendant; or if the wrongful act of the plaintiff co-operated with the misconduct of the defendant to produce the result; or if the owner permitted his cattle to run at large in the highway or other place where they could pass at pleasure upon the railroad track, he was guilty of gross and culpable negligence; and in neither of the above supposed cases was the company liable

for the damages sustained by the killing of the cattle. The court then further instructed the jury that if they should be satisfied from the evidence that the cattle guards on each side of the highway crossing the railroad of the defendant were filled with snow and allowed so to remain, and that the cattle of the plaintiff which were injured were running at large on such highway, having escaped thereon through the opening in the fence along such highway, without the knowledge of the plaintiff, and being there, passed upon such railroad, and over such cattle guards on to the track of such railroad, and the injury complained of occurred, and that the negligence of the defendant consisted solely in permitting such cattle guards so to become and remain filled with snow, then the plaintiff would be entitled to recover.

The only exception taken in the case was to this instruction. We are of the opinion that it was strictly pertinent to the facts proven on the trial, and is sound in principle. The essence of the instruction is, that it was the duty of the company to keep its cattle guards open, and not suffer them to remain filled with snow so that cattle going along the highway would pass on to the track and be liable to be killed; that the company permitting its cattle guards to remain in that condition was guilty of negligence, and if an injury was thereby sustained it was liable. This is what the instruction amounts to. Now it is not pretended that the charter does not impose upon the company the duty of putting up and maintaining proper cattle guards along its track. And why is this? Obviously for the protection of the property of the citizen. Yet to what purpose are railroad corporations required to put up such guards, if they are not to be kept open, but are permitted to fill up, so that cattle are liable to pass over them on to the track without any fault of the owner? Now we are to assume in this case that the plaintiff was guilty of no negligence; that his cattle escaped from his enclosure into the highway without his knowledge, and then passed over on to the track of the company because

the cattle guards were filled with snow and had been permitted to remain in that condition, and while thus on the track were killed. If the company was not bound to keep its cattle guards open, it was guilty of no negligence. On the contrary if it was its duty to keep them open and it did not, and this negligence caused the injury complained of, then it is liable.

In view of the facts proven on the trial we are of the opinion that the circuit court fairly laid down the law applicable to the case, and that the judgment must be affirmed.

Judgment affirmed.