| 21 | 73 |
| 92 | 111 |
| 21 | 73 |
| 94 | 340 |

FISHER and another vs. THE FARMERS' LOAN AND TRUST COMPANY.

RAILROADS: *liability for injury to animals trespassing on track.* TRIAL BY REFEREE: *on appeal, his findings of fact reviewed.*

1. Under sec. 16, ch. 264, Laws of 1860, on appeal from a judgment in a cause tried before a referee, or by the court without a jury, this court is required to review the questions of fact upon the evidence, where proper exceptions have been taken.

2. Where a railroad company erects and maintains proper fences and cattle-guards along its road, keeping them in good condition, cattle escaping and straying upon the road are trespassers, and the law charges the owner with negligence, although not guilty of any actual carelessness in suffering them to escape.

3. Where the negligence of the owner directly co-operates with that of the company's agents in producing an injury to cattle, he cannot recover without showing such agents to have been guilty of *gross* carelessness, or willful misconduct. A mere mistake of judgment on the part of the engineer as to what measures will be sufficient to prevent a collision, will not render the company liable in such a case.

APPEAL from the Circuit Court for *Rock* County.

Action to recover damages for the killing of two colts by a train upon the Racine and Mississippi Railroad, through the alleged negligence of the defendant, then holding and operating the road. The cause was tried by a referee, who found as facts, that the colts, while in the possession of one Hays, without his fault or negligence, strayed upon the track from an adjoining pasture, through a fence which defendant was bound to maintain; that said fence was in good condition, and defendant in no way chargeable with negligence for failure to keep it in good repair, the defect in it through which the colts escaped on to said track being merely temporary and unknown to the defendant; that the colts, while so upon the track, were injured by defendant's train, and that said train was negligently operated and run, and the injury was caused solely by such negligence. As matter of law, therefore, the referee held that the plaintiff was entitled to recover. Exceptions were duly filed by the defendant, and cross motions made, by plaintiff for a confirmation of the report, and by defendant for a review and rehearing; and the court confirmed the report, and rendered judgment accordingly; from which the defendant appealed.

*Fuller & Dyer*, for appellant, cited *Pritchard v. La Crosse & Mil. R. R. Co.*, 7 Wis., 232; *Stucke v. Mil. & Miss. R. R. Co.*, 9 id., 202; *Hance v. The C. & S. R. R. Co.*, 26 N. Y., 428; *Munger v. The Tonowanda R. R. Co.*, 4 id., 349; *Munch v. N. Y. Cent. R. R. Co.*, 29 Barb., 647; 13 id., 594.

*Todd & Converse*, for respondents, contended that, the colts being upon the track without fault of the plaintiffs, if the in-

jury was the result of defendant's carelessness, the right to recover is clear. Laws of 1860, ch. 286, sec. 2 ; *Stucke v. M. & M. R. R. Co.*, 9 Wis., 202 ; *Lynch v. Nurdin*, 1 Ad. & El., N. S., 29 [41 E. C. L., 422.] 2. That the evidence showed gross carelessness in the company's servants, especially in the engineer, in not sooner giving the signal to stop the train. 3. The rule has long been adhered to, that a court will not, on appeal or writ of error, interfere with the finding of the court below, on the mere ground that it is against the weight of evidence. *Moss v. Vroman*, 5 Wis., 147 ; *Ward v. Center*, 3 Johns., 271 ; 7 Cow., 202 ; 3 Hill, 250. The finding of a referee, confirmed by the court, is as conclusive as the verdict of a jury. *Dunbar v. Bittle*, 7 Wis., 143 ; *Eaton v. Benton*, 2 Hill, 576 ; *Esterly v. Cole*, 3 Coms., 502 ; *Bearss v. Copley*, 6 Seld., 93 ; 15 Barb., 28 ; 16 id., 146.

COLE, J. This cause was tried before a referee ; and therefore it becomes our duty, under section 16, chap. 264, Laws of 1860, to examine the testimony, and to decide questions of fact according to the weight of evidence. It is very obvious that this statute has changed the practice in this particular ; since, before its adoption, it was a familiar and well settled rule that the appellate court would not disturb the finding of a referee or a judge in common law actions upon questions of fact, upon mere preponderance of testimony. But the law now requires, in cases tried by the court or before a referee, that this court should review questions of fact, as well as of law, decided by the court or referee, where proper exceptions have been taken. See the case of *Snyder v. Wright*, 13 Wis., 689.

Upon the evidence, we are of the opinion that the plaintiffs cannot recover. In the first place, it is clear that under the circumstances the company was liable only for such injuries as were occasioned by the *gross* negligence of its servants. The colts had escaped out of a pasture adjoining the railroad track

on to the track of the road, where they were hit by the train.
The referee finds (and we think the finding is in accordance
with the proofs in the case upon this point), that the fence was
in a good and proper condition, and that the company was in
no way chargeable with negligence for failure to keep the same
in good repair.   This circumstance distinguishes the case from
*Dunnigan v. The Chicago & North-western R. R. Co.*, 18 Wis.,
28, and *Brown v. The Mil. & Prairie du Chien R. R. Co.* [*ante,*
p. 39]. But where the company erects and maintains proper
fences and cattle guards along its road—keeps them in good
condition and repair—and cattle escape from the enclosure ad-
joining the road, and stray upon the track, they then become
trespassers, and the law charges the owner with negligence,
although he may not be guilty of any actual carelessness in
suffering them thus to escape.    And where the negligence
of the owner directly co-operates with the negligence of the
agents of the company to produce the injury, there no recovery
can be had, unless in cases where such agents are guilty of
gross carelessness or willful and wanton misconduct.    *Stucke v.
The Milwaukee & Miss. R. R. Co.*, 9 Wis., 202.  In this case,
while there may be some evidence of negligence on the part of
the agents of the company in managing the train, yet there is
nothing which shows rashness or wantonness of conduct on
their part, or that they did not employ the usual means to pre-
vent the injury.   When the colts were some distance from the
train, the whistle was blown and the brakes put on.   The train
had a competent number of brakemen, who promptly set the
brakes when the alarm was given ; and the track was sanded.
The ordinary means were used to stop the train  before it
reached the colts.   But it was a freight train, on a descending
grade, and these means proved ineffectual to stop the train in
time.   It is said that the engineer, if attentive to his duties,
must have seen the colts a great distance ahead, and he should
have earlier taken steps to stop the train.   It is true, the acci-

dent occurred in the afternoon of a clear day in September, and where it appears the colts might have been seen by the engineer on the approaching train at a distance of two or three miles. But the engineer must necessarily exercise some discretion as to when measures must be taken to prevent a collision; and although he may misjudge as to the efficiency and success of these measures, and as to his power to control the train, yet we think it too strict a rule to say the company is liable if an injury occurs in consequence of this error of judgment. Besides, the engineer might have seen the witness Westinghouse driving the colts from the track, and have supposed that the colts would be out of danger before the train reached them. In the exercise of a high degree of care and diligence on the part of those operating the train, the injury would undoubtedly have been avoided; but as the negligence of the plaintiffs concurred to produce the result, no recovery can be had upon the facts established by the evidence.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to give judgment for the defendant.