PAGGEOT and others vs. SEXTON, impleaded, etc.

Where a finding embraced numerous distinct facts, a general exception " to each and every finding of fact " therein, *held* insufficient.

23 195
87 668
23 195
93 371

APPEAL from the Circuit Court for *Milwaukee* County. *Levi Hubbell*, for appellants. *Butler & Winkler*, for respondent.

DIXON, C. J. The judgment in this case must be affirmed. The appellants seek a review of the facts found by the court

below; but the exception taken is wholly insufficient for that purpose. The finding is long, and the facts very numerous; and the exception in these words : " The plaintiffs except to each and every finding of fact and facts in the said written finding of the judge contained." Within the decisions both of this court and of the courts of New York, such an exception amounts to nothing. *Taft v. Kessel,* 16 Wis. 273; *Gilman v. Theiss,* 18 id. 528; *Ludlow v. Gilman,* id. 552; *Smith v. Coolbaugh,* 21 id. 427; 17 id. 665; 11 id. 160; *Newell v. Doty,* 33 N. Y. 83; *Lawrence v. Fowler,* 20 How. Pr. R. 407. The counsel for the appellants suggests, that the rule established by these decisions prevails only in cases at law, and not in cases in equity. It will be seen that most of the cases in this court were cases in equity; and we think there can be no distinction between actions at law and suits in equity, in this respect. The distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished; and it is obvious, from the language of the statute regulating appeals, writs of error, etc., that exceptions must be taken in every case alike. The intention was to establish, as nearly as possible, a uniform practice in all cases, whether legal or equitable; and this court has accordingly so held.

*By the Court.* — Judgment affirmed.