## WALSH vs. DART, impleaded, etc.

LAW MERCHANT — *Sight Draft: Laches in presentment.* — PRACTICE — *When questions of fact reviewed on appeal.*

1. Where a sight draft on New York, indorsed to plaintiff in this state, was not mailed to New York to be presented for payment, until after *fourteen* days, when it was miscarried, and the second of exchange subsequently sent forward was protested, the delay in mailing the first was *prima facie* evidence of *laches.*

2. In a common-law action tried by the court without a jury, this court, on appeal, must determine whether the finding of facts is in accordance with the weight of evidence, although there was no motion for a new trial. Laws of 1860, ch. 264, sec. 16.

APPEAL from the Circuit Court for *Marquette* County.

Defendants were sued as indorsers of a sight draft upon New York, which was protested; and, upon a trial before the court alone, judgment was rendered against *Dart,* from which he appealed. The error relied upon will appear from the opinion.

*Wheeler & Kimball,* for appellant, cited Story on Bills, 231; 21 Wend. 372; 13 id. 135, 549; 20 id. 135; 2 Hilt. 272; 4 E. D. Smith, 582; 34 Barb. 249; 8 Mo. 382; Chitty on Bills, 381.

*C. K. Martin,* for respondent, contended that this court would not review the finding, where there was no motion for a new trial (11 Wis. 11, 124); and as to the question of *laches,* he cited *Mohawk Bank* v. *Broderick,* 13 Wend. 135; *Mellish* v. *Rawdon,* 9 Bing. 416; Edwards on Bills, etc., 386–96.

COLE, J. As this cause was tried by the court without a jury, we are under the necessity of determining whether the finding of facts is in accordance with the weight of testimony, although there was no motion for a new trial. *Fisher v. The Farmers' Loan and Trust Company,* 21 Wis. 73. The court found that the plaintiff was not guilty of laches in the forwarding or presentment of the bill for acceptance and payment.

The bill was indorsed to the plaintiff on the 12th of January, 1865, who retained it until the 26th of that month, when he sent it by mail to his correspondent in New York, for payment. There are no circumstances appearing in the case to excuse this delay. *Prima facie,* we think the plaintiff was guilty of negligence in holding the bill fourteen days before sending it forward. This delay may be explained, and the presumption that the plaintiff was guilty of laches may be overcome by proof. The plaintiff was bound to use reasonable diligence in forwarding the bill according to the ordinary course of business. Edwards on Bills and Notes, 386, *et seq.; Mohawk Bank v. Broderick,* 13 Wend. 133 ; *Prescott Bank v. Caverly,* 7 Gray, 217; *The Phœnix Insurance Company v. Allen,* 11 Michigan, 501. What is reasonable diligence is a mixed question of law and fact, to be decided by the jury under proper instructions. But when the facts are admitted and clear, it is competent for the court to determine whether the reasonable time required by law for the presentment has been exceeded or not. And as no excusing circumstances are disclosed, we think a delay of fourteen days in holding the bill is unreasonable. Of course, the plaintiff was not responsible for the delay in the mail, but he ought to make some explanation why he held the bill the length of time he did.

It is suggested that this point of negligence was made when this case was here on a former appeal (12 Wis. 635), and impliedly overruled. It is true that this point was made upon the brief of counsel, but the case went off on another point, and it did not become necessary to express any opinion upon the question of diligence, and none in fact was expressed.

We think there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.