THOMAS and another vs. MITCHELL.

PRACTICE: (1.) *Form of exception to findings.* (2.) *Appeal from judgment; no exception; what reviewed.*
FORECLOSURE—USURY: (3.) *When usury cannot be set up in foreclosure.*

1. An exception "to the finding of fact and every part thereof," *held* insufficient in a case where the facts found were numerous, and the finding as to some of them unquestionably correct.
2. Where the findings of fact and conclusions of law were not excepted to, the judgment must be affirmed, on appeal, if sustained by the findings.
3. One who buys land subject to a mortgage, which he undertakes to pay as a part of the purchase money, cannot set up the defense of usury in an action to foreclose the mortgage.

APPEAL from the Circuit Court for *Green* County.
Action to foreclose a mortgage made by the defendant, *Elizabeth Mitchell*, April 23, 1862, to secure her note of the same date for $1,155, with interest at ten per cent., running to *Elizabeth Thomas*, one of the plaintiffs, with whom her husband, *Robert Thomas*, joined in bringing suit. The defense was, in substance, want of consideration for the note and mortgage, fraud and undue influence in procuring them to be executed, and usury. The court found the follow-

ing facts: One Henry Mitchell, husband of the defendant, and father of the plaintiff *Elizabeth Thomas*, entered the lands described in the mortgage, in the name of his son, John Mitchell, June 26, 1837. Said John Mitchell was born in 1820, and at the time of said entry was living in England with his mother, the defendant, and her family, and assisting in their support. On the 2d of September, 1839, John executed a power of attorney,. wherein he acknowledged this entry of the lands and empowered his father to sell them. Shortly after said entry Henry Mitchell went into possession of the lands, and continued in possession until the fall of 1847. In 1845, John came to America, and in the fall of 1847 he went with William Mitchell to said premises, and called upon Henry Mitchell, who was desirous of procuring funds to send to England to bring the rest of the family to America. Henry thereupon delivered to John the patent to said premises, the receipts for taxes paid thereon and said power of attorney; and told both William and John that the land belonged to the latter. Thereupon John, with the knowledge and assent of Henry, borrowed $500 of William, and gave as security a deed of the premises, and sent the money to England for Henry's family to enable them to come to America. Afterwards, in 1847 or 1848, John got more money and went to Canada, and brought the family to Wisconsin. In 1850, William Mitchell deeded the premises back to John, and took his mortgage on the land to secure the payment of $350; and John finally paid William in full. In 1856, *Robert Thomas* loaned the defendant $100, and John Mitchell became security for its payment. Early in the spring of 1859, *Robert* loaned the defendant $150 more, for which also John Mitchell became security. On the 18th of May, 1859, *Robert* loaned John Mitchell the sum of $500, and took his note to *Elizabeth Thomas* for $750, it being for the principal of the two

previous loans to defendant as well as for said last mentioned loan. This note called for *fifteen per cent.* interest, and was secured by a mortgage on the premises, executed by John Mitchell. In September, 1860, John Mitchell died intestate, without issue, leaving a widow, Grace Mitchell. Henry Mitchell died in December, 1860. In March, 1862, Grace Mitchell sold and conveyed her interest in the premises to the defendant for $100, and the further consideration that defendant should pay said John Mitchell mortgage of May 18, 1859. On the same day five children of the defendant, including *Elizabeth Thomas*, made their quit-claim deed of the premises to the defendant, but this deed was not delivered until April 23, 1862, at which time defendant executed the note and mortgage here in suit, and the John Mitchell mortgage was then released, and said mortgage and the $750 note secured thereby, and said quit-claim deed, were given to defendant by *Robert Thomas*, "who received the note and mortgage described in the complaint, in payment for the money loaned John Mitchell, together with interest thereon, and the $100 paid Grace Mitchell by *Robert Thomas* for the defendant."

As conclusions of law the court held, 1. That John Mitchell was the owner in fee of said premises at the time of his death, subject to the mortgage executed by him May 18, 1859, and he was never trustee for Henry Mitchell. 2. That defendant became the owner in fee of said premises by purchase, and then agreed to pay said mortgage lien thereon, and executed and delivered her own note and mortgage for that purpose, and cannot avail herself of the plea of usury in this action; and that the plaintiff's mortgage is a valid lien upon the premises.

Judgment of foreclosure was accordingly rendered in plaintiff's favor. Defendant excepted "to the finding of fact, and every part thereof, and to the finding of law thereon, and every part thereof, and

also to the judgment;" and appealed from the judgment.

*Dunwiddie & Medberry*, for appellant, contended, upon the evidence, that John Mitchell held the legal title to the premises only in trust for Henry Mitchell; that the exclusive possession and control of the property by the *cestui que trust* was adverse to the trustee (*Lynch v. Cox*, 23 Pa. St. 265), and this possession having continued for twenty-three years, vested the legal title in Henry Mitchell; that the land descended to his widow and children; that defendant held the title thereto as such widow and under the quit-claim deed from the children; and that she could therefore defeat the mortgage for usury. *Ludington v. Harris*, 21 Wis. 239.

*Alex. Wilson*, for respondents, contended, among other things, that the exceptions were entirely inadequate to enable the appellant to obtain a review of the evidence, and the finding must stand. *Paggeot v. Sexton*, 23 Wis. 195, and cases there cited; *Smith v. Coolbaugh*, 21 id., and cases cited.

Dixon, C. J. In this case there were no exceptions to the findings of fact or conclusions of law in the court below, and therefore, according to the well settled practice in this court, there is nothing for us to review, except to see if the finding supports the judgment. And we think it clearly does. The court found as a fact that the defendant became the owner of the mortgaged premises by purchase, and, as a part of the consideration, agreed to pay the usurious mortgage then upon the premises, executed by John Mitchell, and which mortgage entered into and formed part of the consideration of the mortgage in suit, subsequently executed by the defendant herself. As a conclusion of law, the court said the defendant was precluded from setting up the defense of usury to this mortgage. Having obtained the title to the premises

Wis. xxvii — 53

subject to the usurious mortgage, which, as part of the purchase money or price, she agreed to pay, we suppose there can be no doubt as to the correctness of the conclusion of the court below, that the defendant was cut off from availing herself of the defense of usury. Such being the only possible question presented by the case as brought up, it follows that the judgment must be affirmed.

*By the Court.*—It is so ordered.

Lyon, J., having presided at the circuit when the cause was tried, took no part in the decision of the appeal.