## MEAD VS. THE SUPERVISORS OF CHIPPEWA COUNTY.

APPEAL TO SUPREME COURT. *Rule where no exceptions are taken to the facts found by the court.*

1. In an action at law tried by the court alone, where no objections are taken to the findings of fact, this court, on appeal, will look into the record only for the purpose of determining whether the conclusions of law are warranted by the facts found.
2. In such actions, the party who relies upon certain facts to defeat a recovery, should ask the court to find in reference to them, and except to the finding if unsatisfactory; otherwise the appellate court must assume that the facts were as found.
3. In an action (under ch. 22 of 1859) to recover of a county moneys paid on tax sales, the court found facts showing the sales to have been invalid, without finding whether such invalidity was first discovered before or after the execution of the tax deeds to the plaintiff. *Held*, that the facts found sustain the judgment in plaintiff's favor; and the question whether a discovery by plaintiff of the invalidity of the sales prior to the execution of the deeds would defeat a recovery, is not raised by the record.

APPEAL from the Circuit Court for *Chippewa* County.

The plaintiff appealed to the said circuit court from a decision of the board of supervisors of Chippewa county, disallowing his claim to have refunded to him moneys paid to the county upon sales of lands for taxes, which sales are alleged to have been void. The cause was tried without a jury, and the court found substantially as follows: 1. That at cer-

tain dates named, in 1861, 1862, 1865 and 1866, certain lands were sold by the treasurer of said county, for delinquent taxes of certain specified years, and a separate certificate of sale for each forty-acre tract issued to the county; and that afterwards the county assigned these certificates to the plaintiff. 2. That on certain specified days in February and March, 1874, the plaintiff, being still the owner of such certificates, deposited them with the clerk of the board of supervisors of said county, and received from him tax deeds of the lands described in the certificates; that on the 10th of March, 1874, plaintiff paid subsequent taxes and charges upon said lands to a specified amount, and took from the county clerk receipts therefor; and that on the 5th of June, 1874, plaintiff presented said deeds to the board of supervisors to be canceled, for the alleged invalidity of the sales upon which they were founded, and demanded of the county the amount paid at the sale for each tract, and the subsequent taxes and charges thereon paid by him, with seven per cent. interest thereon, which demand was disallowed by said board. 3. That said deeds had been brought into court for cancellation at the trial. The other findings related to various irregularities in the sales, which were claimed to render them void. As a conclusion of law, the court held that said sales were illegal, and that plaintiff was entitled to recover from defendant the sum demanded. No exceptions were taken to the findings of fact; but the defendant appealed from the judgment in plaintiff's favor.

The cause was submitted for the appellant on a brief signed by *Bingham & Jenkins* and *H. Richardson.* They contended that the judgment was not sustained by the findings. 1. This claim is made under Tay. Stats., 443, § 179: " If, after the conveyance of any lands sold for taxes, it shall be discovered that the sale was invalid, the county board of supervisors shall cause the money paid therefor on the sale, and all subsequent taxes and charges paid thereon by the purchaser or his assignees, to be refunded, with interest on the whole amount at

the rate of seven per cent. per annum, upon the redelivery of the deed to be canceled." The proof shows that the illegality of these tax sales was discovered prior to the conveyance of the land, and that the deeds were taken, with full knowledge of such illegality, for the sole purpose of making this claim. The cause of action and remedy are given only by the statute, which must be strictly followed (*Arnet v. Ins. Co.*, 22 Wis., 516); and it was intended by the legislature to give relief only to a party who, in ignorance of any defect in the proceedings which would invalidate his title, takes his tax deed and afterwards discovers that it is invalid. The law will not tolerate the plaintiff in taking a deed which he knew to be invalid, for the sole purpose of prosecuting a claim under it, on the ground of its invalidity. 2. The plaintiff has never been disturbed in his possession of the premises. The law was passed for the purpose of providing a remedy for those who are unable to hold their land by reason of the action of other persons claiming superior title. This action is analogous to that of the covenantee in a deed against the covenantor, for breach of his covenants; and, until disturbed in his possession by some one having a superior right, plaintiff cannot attack his own title and claim damages for defects which do not affect his enjoyment of the property. By neglecting to bring his action on the certificates, as he might have done, and voluntarily taking a deed with knowledge of the defects in the tax proceedings, he is estopped from questioning his title, at least until he has been disturbed in the possession.

*W. F. Bailey*, for the respondent:

The only question is, whether the conclusions of law are correct upon the facts found. Secs. 26 and 27, ch. 22, Laws of 1859, were evidently enacted for the purpose of preventing litigation and giving a complete remedy in every case where it was evident that the sale and title would eventually be declared invalid. These sections negative the theory that the purchaser or holder of the deed cannot take any steps to have

his money refunded, but must wait for years with the knowledge that his title is void, until it is attacked. If he should hold it for six years after he obtained such knowledge, without making application for the refunding of the amount paid, he would be barred by the statute of limitations. Ch. 112 of 1867; ch. 56 of 1868; *Baker v. Supervisors*, 39 Wis., 448–9. This court has always assumed that secs. 26 and 27 are identical in the respects named, and that the county was liable to refund the money upon proof of the discovery of any fact that rendered the same invalid, whether the purchaser had been evicted or not. *Norton v. Supervisors*, 13 Wis., 612; *Warren v. Supervisors*, 19 id., 611; *Hutchinson v. Supervisors*, 26 id., 402; *Barden v. Supervisors*, 33 id., 445; *Baker v. Supervisors, supra.*

Cole, J.  In this case the circuit court found upon the evidence certain facts which showed that the several tax sales for the years 1861, 1862, 1865 and 1866 were illegal and void; and consequently held that the county was liable to repay the plaintiff the amount which he had paid on the tax certificates, together with the subsequent taxes and charges. No exceptions were taken to these findings of fact, and therefore the only question we have to consider is, whether, admitting them to be correct, the judgment in favor of the plaintiff can be sustained. It seems to us this question must be answered in the affirmative. The action is brought under the provisions of ch. 22, Laws of 1859, which render the county liable in certain cases for moneys paid by the purchaser on invalid sales, even when the invalidity is not discovered before the execution of the tax deed. There can be no doubt, upon the facts, that the tax sales were void, and we cannot see why the cause of action is not complete under the statute. It is insisted, however, by the learned counsel for the county, that the proof in the case shows that the discovery of the illegality in the tax sales was made prior to the conveyance, and that the tax deeds

were taken by the plaintiff with full knowledge of such illegality and for the sole purpose of making this claim against the county. This is an action at law, and, as no exceptions were taken to the findings, we cannot review the evidence, but "only look into the same for the purpose of determining whether the conclusion of law was warranted by the facts found." *Felch v. Lee*, 15 Wis., 265; *Gilman v. Thiess*, 18 id., 528; *Wisconsin R. Imp. Co. v. Lyons*, 30 id., 61. We must assume that the facts are as stated by the circuit court. If the facts relied on to defeat a recovery were deemed material, the county should have asked the circuit court to find with reference to them, and then have taken an exception if the finding was not satisfactory. But as the case stands, we only examine the findings to see if they are sufficient to sustain the judgment. The circuit court omitted to find when the invalidity in the tax sales was first discovered, whether prior to or after the execution of the tax deeds. The point, therefore, raised by counsel is not properly presented.

The same observation applies to the question in regard to the possession of the lands embraced in the tax deeds. It does not appear that the plaintiff was ever in possession of any of them. *Non constat* but that the original owners were always in the actual undisturbed possession.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.