CRAMER and others vs. HANAFORD and another.

*September 8 — September 27, 1881.*

FINDINGS. *(1) Time for filing: Statute directory. (2) Exceptions, when considered. (3) New trial for indefinite or inconsistent findings.*
MARRIED WOMAN. *(4) Liability at law, on contract.*

1. So much of sec. 2863, R. S., as defines the *time* (twenty days after the term of trial) within which the judge must "file his decision in writing," is merely *directory.*

2. Written exceptions to the judge's findings cannot be considered on appeal, unless incorporated in the bill of exceptions. Sec. 2870, R. S.

3. Where the findings are so indefinite, inconsistent and contradictory as not to authorize judgment for either party, a new trial is ordered.

4. Under the statutes of this state, a married woman, having at the time no separate estate, may purchase property of any person other than her husband, entirely on credit, and thereby make herself liable in an action at law for the contract price.

APPEAL from the County Court of *Milwaukee* County.

This appeal was taken by the plaintiffs from a judgment dismissing their complaint as to the defendant *Kate D. Hanaford*, impleaded with her husband. The action was on a promissory note purporting to be made by the defendants, for which a money judgment was prayed. *Mrs. Hanaford* answered, in effect, that she was, at the time of making the note, a married woman, having no separate estate; that the note was given by her husband, for his own use and benefit, and in consideration of an assignment of a certain lease and the purchase of certain property by him, taken by him in her name, but without her knowledge or consent; that the note was void and inoperative for want of a consideration; that she was not the assignee of the lease nor the purchaser of the property, but the same were assigned and purchased for the sole use and benefit of her husband, and that she never ratified or confirmed the transaction in any way; that she signed the note because she was requested by her husband to sign it as surety, and she supposed she did sign it as

surety merely; that she did so without having any knowledge of the assignment or purchase being in her name; and that the parties all knew that she had no interest in the transaction, and that the same was solely and exclusively for the benefit of her husband.

The cause was tried by the court alone in May, 1879. On the 6th of May, 1880, the judge filed his findings of fact and conclusions of law. Such of the findings as are important here, are substantially stated in the opinion. The second and third conclusions of law were as follows: 2. That *Mrs. Hanaford*, by reason of her neglect to read, examine and inform herself of the contents of said notes and the other instrument or instruments by her executed, was estopped from defending this action on the ground that said purchase in her name was made without her knowledge, authority or consent. 3. That *Mrs. Hanaford*, being a married woman and possessing no separate estate or property, was absolutely without power or capacity in the law to make such purchase or execute and deliver said note; and that said note was wholly void, and no action could be maintained thereon against her.

Judgment was accordingly entered on said 6th of May in favor of *Mrs. Hanaford*, against the plaintiffs, dismissing the action. From that judgment the plaintiffs appealed.

On the same 6th of May, notice was given to plaintiffs' attorneys of the entry of the judgment. On the 29th of June, 1880, plaintiffs filed with the clerk of the court exceptions in writing to the findings. On the 8th of December following, their attorneys served notice on the defendants' attorneys that they would apply to the judge on the 22d of that month to have the exceptions to the findings ordered to stand as if filed within ten days from the service of the notice of judgment, and to have the bill of exceptions settled. The bill of exceptions was settled December 22, 1880, and the judge's certificate is only to the effect that the testimony and exhibits set forth is all the testimony taken and produced at the trial; but

no order is made on the application as to the filing of the exceptions, and they do not seem to be incorporated into the bill of exceptions, nor in any way referred to therein, so as to be made a part of it. Attached to the bill of exceptions is a copy of the exceptions, purporting to be filed July, 1880, with this indorsement thereon: "Attached to bill of exceptions by order of judge, at time of settling the exceptions, at request of plaintiffs' attorneys. J. E. MANN, Co. Judge."

*Geo. B. Goodwin*, for the appellants.

For the respondents there was a brief by *L. S. Dixon*, and oral argument by *S. U. Pinney*.

CASSODAY, J. Under section 2863, R. S., the judge is required to file his decision in writing, with the clerk of the court, within twenty days after the court at which the trial takes place; and it is urged by counsel that, because such findings were not filed within that time, they should be disregarded. But we hold that section to be merely directory as to the time within which the "decision" of the judge is to be given and filed. In this case the written exceptions to the findings of the court were not incorporated in the bill of exceptions, as required by section 2870, R. S., and hence the only question to be determined is, whether the judgment is sustained by the pleadings and findings. *Wis. R. I. Co. v. Lyons*, 30 Wis., 61; *Thomas v. Mitchell*, 27 Wis., 414; *Mead v. The Supervisors*, 41 Wis., 205.

From the repeated decisions of this court it logically follows that a married woman, having at the time no separate estate, may purchase property of any person, other than her husband, entirely on credit, and thereby make herself liable in an action at law for the contract price. *Meyers v. Rahte*, 46 Wis., 655; *Dayton v. Walsh*, 47 Wis., 113; *Krouskop v. Shontz*, 51 Wis., 204, and cases there cited. This being the law, the third conclusion of law was erroneous, and seemingly in conflict with the second conclusion of law.

If the recitals of fact in the second conclusion of law are well founded, then it would seem that the appellants were entitled to recover, and the judgment should be reversed. In that conclusion the court say, in effect, that *Kate D. Hanaford* is precluded and estopped from defending in this action on the ground that she did not authorize the purchase, by reason of her omission and neglect to read, examine and inform herself of the contents of said promissory notes and the other instrument or instruments by her executed. Now, if the notes and other instruments signed by her precluded and estopped her from denying that the purchase made in her name was authorized by her, then she would be clearly liable on the note, on the principle of law already stated. But that would be in conflict with the fifth finding of fact, which found, in effect, that the purchase was made by her husband; and also in conflict with the thirteenth finding of fact, which found, in effect, that in the transaction her husband was not her agent, and was not authorized to speak, act for or represent her in that capacity. So it would be in conflict with that part of the fourteenth finding of fact, which found, in effect, that she signed at the request of her husband, and "merely as his surety." If such are the facts, it may be very doubtful whether the appellants can recover. But another part of the fourteenth finding of fact raises an inference that she executed some other instrument or instruments in addition to the notes; and if they are of the character indicated by the recitals of fact in the second conclusion of law,— that is, such as "precluded and estopped" her from disclaiming the purchase and the making of the note,— then it would seem that the appellants could recover. But the character of the other instrument or instruments is not found nor otherwise referred to in the findings; and we are, by the rule of law suggested, precluded from going into the evidence to determine their character. The difficulty with this case is, that the findings of facts and conclusions of law are so indefinite, incon-

sistent and contradictory that we do not feel at liberty to order judgment for either party.

*By the Court.*— The judgment of the county court ·is reversed, and the cause is remanded for a new trial.