## KLATT vs. MALLON.

*November 11 — November 25, 1884.*

PRACTICE.   *(1) Findings when to be filed: Statute directory.   (2) Appeal to S. C.: Exceptions to findings: Motion for new trial.*

1. The statute (sec. 2863, R. S.) requiring the decision of the court upon a question of fact to be filed within twenty days after the court at which the trial took place, is *directory*, and it is not error to make and file such decision after that time.
2. The want of exceptions to the findings of fact cannot be supplied by a motion for a new trial upon an objection to the findings which is so general as to be bad as an exception thereto. The effect of such a motion if founded on specific objections to particular findings as not supported by the evidence, is not determined.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a mechanic's lien. The facts essential to an understanding of the decision of this court will sufficiently appear from the opinion.

*M. N. Lando,* for the appellant.

For the respondent the cause was submitted on the brief of *Rogers & Mann.*

TAYLOR, J. This action was tried by the judge without a jury. Findings of fact and conclusions of law were made and filed by the circuit judge, and judgment entered thereon in favor of the defendant, dismissing the plaintiff's complaint. The plaintiff appeals to this court. The record does not show that any exceptions were taken to the findings of

fact or conclusions of law, and none are included in the bill of exceptions. In that situation of the case, the only question for this court to determine is whether the findings of fact sustain the judgment entered thereon. Upon that question there is no contention. The judgment is in strict accord with the findings.

It is objected by the counsel for the appellant that the findings were not made and filed by the judge within twenty days after the court at which the trial took place. Sec. 2863, R. S. 1878. This court has repeatedly held that that statute, so far as it limits the time for filing the findings and decision of the court, is directory, and that it is not error to make and file them after the expiration of the twenty days. *Cramer v. Hanaford*, 53 Wis. 85; *Ottillie v. Wæchter*, 33 Wis. 252; *Williams v. Ely*, 13 Wis. 1; *Body v. Jewsen*, 33 Wis. 402.

It is also urged by the counsel for the appellant that the findings of fact are not supported by the evidence. Although no exceptions are taken to the findings of fact or incorporated in the bill of exceptions, it is insisted that as a motion for a new trial was made in the court below, upon the ground, among others, that the findings of fact were not supported by the evidence, and as that motion was overruled, that question should be considered by this court. We are cited to several cases in the earlier reports, which hold that the findings of fact could not be reviewed by this court unless a motion for a new trial was made to set aside such findings of fact on the ground that they were not supported by the evidence. *Hutchinson v. Eaton*, 9 Wis. 226; *Davis v. Judd*, 11 Wis. 11; *Woodward v. Howard*, 10 Wis. 512. These were decisions under the law as it stood before the enactment of secs. 13, 16, ch. 264, Laws of 1860. Before that law no exceptions to findings of fact were allowed; but since that, exceptions to findings of fact, when properly taken and preserved, must be reviewed on appeal to this court, although

no motion for a new trial has been made in the court below on the ground that the findings are not sustained by the evidence. *Snyder v. Wright*, 13 Wis. 689; *Hayward v. Ormsbee*, 11 Wis. 3; *Fisher v. Farmers' L. & T. Co.* 21 Wis. 73; *Garbutt v. Bank of Prairie du Chien*, 22 Wis. 384; *Walsh v. Dart*, 23 Wis. 334; *Sanford v. McCreedy*, 28 Wis. 103; *Candee v. W. U. Tel. Co.* 34 Wis. 471.

Since the enactment of ch. 264, Laws of 1860, which allows the party to except to the findings of fact when the case is tried by the court, and have a review of such findings and exceptions upon appeal to this court, it has been repeatedly held that unless such exceptions are filed and embodied in the bill of exceptions this court will not review such findings. *Thomas v. Mitchell*, 27 Wis. 414, 417; *Blossom v. Ferguson*, 13 Wis. 75; *Mead v. Supervisors*, 41 Wis. 205; *Cramer v. Hanaford*, 53 Wis. 85; *Wis. R. I. Co. v. Lyons*, 30 Wis. 61.

Whether this court would review such findings of fact, if a motion for a new trial had been made and heard by the court below, without objection by the opposite party, upon the specific ground that the several findings of fact, specifying particularly the findings to which exceptions were made, were not sustained by the evidence, need not be decided in this case, as the motion for a new trial in this case was in the most general language upon that point, viz.: "Because the findings of facts are contrary to evidence." The record shows that there were twelve separate findings of fact. Such general language has been held not to constitute a good exception to the findings when taken as required by statute. *Thomas v. Mitchell*, 27 Wis. 414; *Paggeot v. Sexton*, 23 Wis. 195; *Smith v. Coolbaugh*, 21 Wis. 427. The want of exceptions to the findings of fact cannot be helped out by a motion for a new trial on an objection to such findings which is so general as to be bad as an exception thereto, whatever might be the effect of such motion when

founded on specific objections to particular findings as not being supported by the evidence.

*By the Court.*—The judgment of the circuit court is affirmed.