INDIANA, BLOOMINGTON & WESTERN RAILWAY COMPANY

v.

SAMUEL DRUM.

*Railroads—Killing of Stock—Negligence in Leaving Snow in Cattle Guard—Reasonable Time for Removal—Question for Jury—Instruction.*

1. The statutory duty of a railroad company to maintain suitable and sufficient cattle guards to prevent stock from getting on its track is not complied with when, for an unreasonable time, it permits its guards to remain filled up with snow, ice or any other substance which destroys their usefulness.

2. In the case presented it is *held:* That an instruction touching the liability of the defendant for permitting snow and ice to remain in the cattle guard fairly presented the law to the jury, and that the question whether a reasonable time had elapsed for the removal of the snow and ice, was for the jury.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. FRANK Y. HAMILTON, for appellant.

If the fences and cattle guards are sufficient to turn ordinary stock, having been properly constructed and maintained, the company is not liable for the stock that gets over the same and is killed, unless negligently or wilfully done.  R. S. Ch. 114, Sec. 48; C., B. Q. R. R. Co. v. Magee, 60 Ill. 529; L., P. & B. R. R. Co. v. Caldwell, 38 Ill. 280; C. & N. W. R. R. Co. v. Hart, 13 Ill. App. 186; C., B. & Q. R. R. Co. v. Farrelly, 3 Ill. App. 60.

The company is not guilty of negligence in permitting its cattle guards to fill up with snow and ice.  P. & R. I. R. R. Co. v. McClenahan, 74 Ill. 435; Hance v. C. & S. R. R. Co., 26 N. Y. 428; Blais v. M. & St. L. R. R. Co., 24 N. W. Rep. 558; City of Chicago v. O'Brien, 111 Ill. 232.

Messrs. TIPTON & BEAVER, for appellee.

CONGER, J.   This was an action brought against the railroad company for killing a colt which broke out of a field, got upon the public highway that led across appellant's railroad, and from thence crossed a cattle guard so filled and covered up, at the time, with snow and ice, as to offer no obstruction to its passage onto appellant's right of way, and was there killed by the cars of appellant.

The controversy arises over the following instruction : ' " The court instructs the jury that if they believe, from the evidence in this case, that the plaintiff was the owner of the colt in controversy and that the colt passed in and over on the right of way of defendant's railroad over a cattle guard, and that the cattle guard, at the time the colt passed over the same, was covered with snow and ice so that stock could readily pass over the same, and that the cattle guard had been in the same condition a sufficient length of time for the defendant to have known it and removed the snow and ice from the same before

the colt passed over the same, and that whilst the colt was so on defendant's right of way it was killed by defendant's locomotive, as alleged in the declaration, then the jury will find for the plaintiff and assess the plaintiff's damages at the value of the colt at the time the same was killed, and also to this sum the plaintiff is entitled to recover a reasonable attorney's fee for the services of his attorneys in this case."

We see no objection to this instruction. The language of the law is: " That every railroad corporation shall also construct, and thereafter maintain at all road crossings  *  *  * cattle guards suitable and sufficient to prevent cattle, horses, sheep, hogs and other stock from getting on such railroad."

This duty is not complied with when the company permits the guards to remain filled up with snow, ice or any other substance which destroys their usefulness for the purpose for which they are constructed, viz: to prevent cattle from crossing them and thereby getting on the railroad.

The law is not so unreasonable, however, as to hold a railroad liable for the consequences of storms until a reasonable time has elapsed thereafter to remove the snow and ice accumulating in the guards. We hold, however, that it is the duty of railroads to use reasonable diligence to make their cattle guards answer the purpose of their construction as well in the winter as at other seasons, and if they fail in doing so, they are liable.

In Dunnigan v. C. & N. W. R. W. Co., 18 Wis. 28, it is said : "When a railroad company permits its cattle guards to remain filled with snow, so that cattle which have gotten upon the highway without any negligence upon the part of the owner, pass over the guards and in consequence of being thus upon the track are injured by a train, the company is liable."

The evidence in this case showed that this guard had been allowed to remain filled up with snow and ice for weeks, and it was a question for the jury to determine whether sufficient time had elapsed after the storms for its removal, or in other words, whether the railroad company had used reasonable diligence.

The instruction, we think, fairly presented this view of the law to the jury, and we see nothing in the evidence requiring us to say that their conclusion was not supported by it.

*Affirmed.*