L. ROSENHEIMER MALT & GRAIN COMPANY, Appellant, vs. VILLAGE OF KEWASKUM and another, Respondents.

*September 11—October 8, 1957.*

For the appellant there was a brief by *Schloemer, Stoltz & Merriam* of West Bend, and oral argument by *J. T. Merriam*.

For the respondents there was a brief by *O'Meara & O'Meara* of West Bend, and *K. Wm. Haebig* of Kewaskum, and oral argument by *Stephen O'Meara*.

BROADFOOT, J. No bill of exceptions was settled or transmitted to this court. So far as the merits of the case are concerned the record before us consists of the complaint and answer, the memorandum decision of the trial court, a document labeled "Findings of Fact and Conclusions of Law," the judgment, and a document marked "Plaintiff's Exhibit 1," not otherwise identified.

The memorandum decision recites that most of the facts were stipulated to and there is no reason to discuss them further. In the findings of fact and conclusions of law the only finding of fact reads as follows:

"At the commencement of this trial most of the facts were stipulated to, and such stipulation is made a part hereof by reference."

Plaintiff's Exhibit 1 contains 15 separate recitals. It bears no signatures and there are no blanks provided for signatures. It is not entitled a stipulation of facts, and if it were to be considered, we would have to guess that it is. Both the memorandum decision and the so-called findings of fact indicate that only a portion of the facts were stipulated to.

Sec. 270.33, Stats., deals with findings of fact. It has been held for many years that the section is directory

only. *Klatt v. Mallon*, 61 Wis. 542, 21 N. W. 532. Where the trial court in its memorandum decision makes a full analysis of all the facts, the decision is accorded the consideration and weight of formal findings. *Will of Daniels*, 225 Wis. 502, 274 N. W. 435. No such analysis was made in the memorandum decision. The responsibility for the correctness of the findings is upon the trial judge. He should follow the advice he has probably often given to clients as a practicing attorney and should refuse to sign any document until he has read it. Separate facts should be found upon each controverted issue.

There is a statement in the brief of the defendants that the answer was amended. No amended answer nor amendment to the answer appears in the record. If such an amendment was made and thereby a separate issue raised, it was a vital issue for the proper determination of the case and it was the duty of the attorney for the defendants to see that a finding was made thereon and that the record was amended to indicate the same.

In the absence of a bill of exceptions and a proper record we cannot decide the case upon the merits. Neither party has asked for a new trial. However, under our discretionary powers under the provisions of sec. 251.09, Stats., the judgment is reversed, and a new trial is ordered.

*By the Court.*—Judgment reversed. Cause remanded for a new trial. No costs upon this appeal are allowed to either party.