## John Chatterton v. George Parrott.

*Supreme Court's jurisdiction to review—Exceptions to judgment—Proceedings to condemn land—Juror's competency.*

The Supreme Court has no power to review law cases upon the facts ; its jurisdiction is limited to reviewing rulings of the trial court on such questions of law as were distinctly presented and passed upon.

A general exception to a judgment cannot entitle one to raise any question of law that could have been raised in the court below.

A mere exception to a judgment that is good in form can never be available to raise any question in the Supreme Court.

Where findings are made, an exception that they do not support the judgment can be considered in the appellate court.

A mere recital showing the facts of a case at law, the nature of the judgment and the fact that a party excepted to it presents no question for the Supreme Court, if there are no findings and the judgment is good in form.

One who has taken compensation for land condemned for a private way, cannot afterwards object to the validity of the proceedings on the ground of a juror's incompetency ; it was his duty to inquire therein while proceedings were pending.

Case made from Kent. Submitted June 22. Decided June 29.

Trespass *qu. cl.* Defendant had judgment. Affirmed.

*D. E. Corbitt* for plaintiff.

*Mathewson & Wurzburg* for defendant. One who assents to the taking of his property for road purposes, and receives compensation, waives all objections based on constitutional rights: *Baker v. Braman* 6 Hill 47; *Heyward v. Mayor* 8 Barb. 486; and he must make objections to the competency of jurors when the latter are drawn: *Van Vliet v. Wilson* 17 Wis. 687; or he waives his right thereafter to recover damages for the use of the land taken from him under otherwise regular proceedings: *Hopkins v. Briggs* 41 Mich. 176.

COOLEY, J.   This appears to be a case made for review in this court after judgment for defendant in the Kent circuit. The action was trespass *quare clausum*, and the plea was the general issue, with notice that the *locus* was a private way, properly established as such by the public authorities. The case sets out the pleadings and proceeds to say that—

"The facts as proved by the evidence are as follows:

"1. On and previously to October 28, 1878, the plaintiff had been the owner of, and been in possession of the premises mentioned in the declaration.

"2. On the 4th day of September, 1878, the defendant and his wife made application to the proper authorities, in a lawful manner, to have a private way, two rods wide, laid across said premises.

"3. Thereupon notice, pursuant to law, was given plaintiff of such application, and also of a meeting to be held at defendant's house on the 21st day of October, 1878, at 10 o'clock A. M., by the commissioner, for the purpose of striking a jury to determine as to the necessity and propriety of such road.

"4. On the day and at the hour mentioned, the highway commissioner, town clerk and defendant and his wife, met at the defendant's house in pursuance of the notice, and the meeting was regularly adjourned until the 28th day of October, 1878, at 8 o'clock A. M., at the same place.

"5. On the 28th day of October, 1878, at the time appointed, the same parties, and the plaintiff with his attorney, met at the defendant's house, and proceedings were commenced to obtained a jury. Henry W. Booth, a constable, was duly sworn to write down the names of eighteen disinterested freeholders from which to select a jury. After such names had been written down, the plaintiff and the defendant each struck off three of the names; whereupon the commissioner issued a proper citation to the remaining twelve persons, whose names had not been stricken off, to act as a jury.

"6. The citation, having been delivered to the officer for service, was returned duly served upon nine of the persons therein named, three of said persons not being found. Thereupon the plaintiff and the defendant agreed that George Winslow, Arthur W. West and William Andrews might be summoned in the place of the three persons not found. It appearing further that said George Winslow could not be found, and that one of said original nine who

were summoned was incompetent to act, the plaintiff and the defendant agreed that Isaac Brannon and George Broadbent should be summoned to act in their stead.

"7. Thereupon the constable having summoned the said jury, returned said citation duly served upon the following named persons: Henry Gould, Calvin Hull, John Yeiter, Isaac Van Oty, Charles Powley, James Brannon, Luther McConnell, Thomas Lowden, Arthur H. West, William Andrews, Isaac Brannon and George Broadbent, who were duly sworn well and truly to examine in regard to the necessity and propriety of said private road, and, in such case they should decide it a necessity, to justly and impartially appraise the damages, etc.

"8. The petition and the law having been properly read to the jury, said jury repaired to, and examined the premises, returned to Parrott's house, and after due deliberation (separate and apart) returned and decided, that after their said examination they found the road necessary and proper, and appraised Chatterton's damage at one hundred dollars.

"9. Then the defendant paid the jurymen their lawful fees, and they were discharged. Defendant then also placed in commissioner's hands, to be paid to plaintiff, one hundred dollars, being the damage appraised. All this took place on the 28th day of October, 1878, and on the 29th day of October, 1878, the commissioner of highways made a proper order that the private road be laid out as applied for. The proceedings to open and lay out the road as above set out, appear from the lawful record thereof, which was put in evidence, and the record closed with the receipt of John Chatterton for the hundred dollars damages, which was appraised by the jury, and which was paid to him by the commissioner.

"10. It also appeared from the evidence, that the defendant paid all the costs and charges incident to the opening of the road. It also appeared that during all the proceedings the plaintiff was present with his attorney, whom the plaintiff had taken there expressly on that matter, and participated therein, and made no objections to any of the jurymen, but left it to the men selected to assess the damages. The defendant, under the commissioner's orders, afterwards went upon the premises and opened the road, and used it thence and until the present time. He removed some fences and apple trees, offering the plaintiff to set the trees where plaintiff might direct; but the plaintiff replied, that they would be of no use to him, and he, plaintiff, did not want

them. And it appears from the evidence that the defendant removed only such obstacles as was necessary to remove and open the road, and did no unnecessary damage.

"11. About eight or nine months afterwards, the plaintiff claimed that there was no road laid out across his premises, and he thereupon tendered to the defendant the $100 that had been paid him as the damage awarded, and forbid the defendant coming on the land any more. He did not tender back any of the other expenses or interest. The defendant refused to accept the one hundred dollars, but continued to go on the plaintiff's land and use the said road, and has continued so to do hitherto. The reason assigned by the plaintiff that the road was illegal, was that he had ascertained that two of the jurymen, who acted on the jury while laying out said road and assessing the plaintiff's damages, to-wit, Hull and Gould, were not freeholders at the time said road was laid out, that fact was proved on said trial that Calvin Hull and Henry Gould were not freeholders at the time that they acted on said jury, and that the said plaintiff did not know that fact; that the highway commissioner did know that Gould was not a freeholder, for Gould told him so, and the commissioner told Gould that it would make no difference, but the commissioner did not communicate the fact to any of the parties. It was also established that they were living in the neighborhood of the plaintiff, and he knew them, and it did not appear that the plaintiff or his attorney made any inquiries or efforts to ascertain whether or not said jurymen were freeholders. It further appeared that said plaintiff had not kept the tender of one hundred dollars good at all times, and did not have that amount of money present in court. Afterwards, to wit, in the October term of said court, 1880, the said court rendered judgment in the said cause in favor of the defendant for cost.

"To which judgment the plaintiff did except."

This is the whole case. This Court does not review law cases on the facts, and has no power under the law to do so. Its jurisdiction is limited to a review of such rulings of the circuit court upon questions of law as were distinctly presented and passed upon. What rulings upon questions of law are to be found here? It is recited that the plaintiff excepted to the judgment; but why? So far as appears it was in due form of law, and it was the duty of the court to render it if the judge was of opinion that the plaintiff had made out no case. Perhaps the plaintiff supposed he would

be at liberty to go back of the judgment and raise any question of law that might have been raised in the court below; but that is a mistake: we might if that were admissible be passing upon questions that were never called to the attention of the trial judge, and perhaps be reversing his judgment on points on which he would agree with us. A general exception to a judgment cannot be given any such sweeping effect.

In this case we do not know whether the circuit judge held the defendant entitled to a judgment because he considered the proceedings in laying out the private way valid, or because he held the plaintiff estopped by accepting the compensation awarded, or because having accepted it he had not kept good his tender of repayment, or because he had not effectually revoked his license, or for some other reason which seemed to him sufficient. No finding upon points of law was requested, and none was made. The judge merely tried the cause and rendered judgment, and the judgment is excepted to and nothing else. But this is futile: a mere exception to a judgment which is good in form can never be available. Had there been findings, an exception that they did not support the judgment might have been considered; but this case is nothing but a presentation of all the facts for our judgment upon them. We have no authority to express such a judgment.

This disposes of the case. Nevertheless as further litigation may arise, we have looked into the plaintiff's brief upon the merits, and find that he relies for the invalidity of the proceedings in laying out the way, upon the incompetency of two of the jurors. But after accepting the compensation awarded he was not in position to take such an objection. *Baker v. Braman* 6 Hill 47; *Embury v. Conner* 3 N. Y. 511; *Detmold v. Drake* 46 N. Y. 318; *Mobile etc. R. R. Co. v. State* 29 Ala. 586. It is of no importance that he failed to ascertain the incompetency in due season; his duty was to inquire into the facts while the proceedings were pending.

The judgment must be affirmed with costs.

The other Justices concurred.