The Town of Scott vs. The Town of Clayton.

THE TOWN OF SCOTT VS. THE TOWN OF CLAYTON.

*February 11 — March 14, 1882.*

REVERSAL OF JUDGMENT: *(1) For misleading instructions.*
COURT AND JURY. *(2) When question of fact not to be submitted to jury.*

1. Upon a second trial of this cause, the circuit judge stated to the jury his own view of the law, which had been overruled by this court on a former appeal (51 Wis., 185); but afterwards directed the jury to disregard his opinion, and determine the question at issue from the evidence as applicable to the law. This court, being of opinion, from the whole record, that this statement of the law as previously held by the circuit judge may have misled the jury, treats it as error.
2. The court having submitted to the jury a question of fact conclusively determined by the evidence, in which there was no conflict, this is also *held* to be error.

. APPEAL from the Circuit Court for *Crawford* County.

Action to recover the sum of $20.72, with interest, for medical attendance and other relief furnished by the plaintiff town in September, 1878, to Mrs. Sarah Enyart and her three infant children, who are alleged to have been paupers residing and having a settlement in the defendant town, and to have been found in a destitute and suffering condition in the plaintiff town. A former appeal herein is reported in 51 Wis., 185–196. On the second trial a judgment was rendered in favor of the defendant, from which the plaintiff appealed.

For the appellant there was a brief signed by *D. Webster*, and a second brief signed by *Brooks & Dutcher* and *D. Webster*, and oral argument by *Mr. Webster* and *Mr. Brooks*.

For the respondent there were briefs signed by *Wm. H. Evans* and *Thomas & Fuller*, and oral argument by *Mr. Fuller* and *Mr. Evans*.

COLE, C. J. Quite a number of exceptions were taken on the trial of this cause to the rulings of the trial court in admitting or excluding evidence, which are relied on here as

a ground for reversing the judgment. But we shall not stop to inquire whether these exceptions are well founded or not, for we are satisfied there should be a new trial on account of some things in the charge which were excepted to, and which were calculated to prejudice the case of the plaintiff in the minds of the jury. In submitting the case, the learned circuit judge made some remarks on the decision of this court on the former appeal, stating wherein he differed from this court in the construction of the statute applicable to the case. In making these comments we are satisfied that the learned judge merely intended to explain his reasons for ordering the nonsuit on the former trial, and that he had no purpose of weakening the decision of this court by what he said. But, while this was the real object which he had in view, yet it is claimed by the plaintiff's counsel that his remarks were calculated to mislead the jury as to the law of the case.

It is said that the jury might well have supposed that they were to follow his construction of the statute rather than the one placed upon it by this court. In view of the verdict we certainly think there is ground for this objection, and that possibly the finding of the jury might have been otherwise had the learned judge contented himself with stating the law as laid down by this court. The learned judge told the jury, in substance, that he differed from this court in the construction of the statute in this: According to his view Mrs. Enyart had the right to voluntarily change her place of residence which she acquired by living with her husband, after she was divorced from him, by going back to the plaintiff town and living with her parents; and if, after going back to her father, she became destitute and needed mere temporary assistance, and the town in which she was voluntarily living gave her only such assistance, this would not prevent her voluntary residence out of the defendant town in the plaintiff town, for one year, from destroying her legal settlement in the defendant town; and that such temporary assistance by furnishing a doctor was far from

coming within the statute, which says that if any poor person shall become a charge for his support to any town, the one in which he has a settlement shall pay it.

It is hardly necessary to observe that this view as to the nature or amount of assistance which must be furnished Mrs. Enyart by the plaintiff town, in order to prevent her from acquiring a settlement in that town by her voluntary residence therein for a year, was essentially different from the one expressed by this court in the former opinion. 51 Wis., 186. And, indeed, the learned judge so in effect says, further on in the charge, where he tells the jury to disregard his opinion on the subject of Dr. Coats' assistance, and determine the question of pauperism from the evidence as applicable to the law. So that, if they should find that Mrs. Enyart and her children were paupers, and entitled to have medical assistance furnished by the direction of the town of Scott, and rendered by Dr. Coats, as a pauper, they should conclude that her voluntary settlement in the town of Scott was interrupted, and that she did not lose her residence in the town of Clayton. But while this charge, as finally given, was correct, still we do not think it would remove or destroy the effect of the learned judge's previous remarks as to his understanding of the law. Juries naturally look to the trial judge for a correct exposition of the law applicable to the case, and are more likely to be governed by his views in that regard than by the decisions of the appellate court, about which presumably they know nothing. Correct practice, therefore, requires the trial judge, if he instructs at all, to state the law so clearly and pointedly as to leave no reasonable ground for misapprehension or mistake on the part of the jury. There is good ground for saying that this was not done in this case, and that the remarks of the learned judge, made in the opening of his charge, were well calculated to prejudice the case of the plaintiff, as claimed by counsel.

Furthermore, the learned judge said to the jury that in

The Town of Scott vs. The Town of Clayton.

passing on the question of fact as to whether Mrs. Enyart and her children were paupers, and entitled to medical assistance at the time it was rendered by Dr. Coats, they must be satisfied from a preponderance of the evidence that she needed the assistance rendered, and was so poor and so circumstanced that she could not have procured the needed assistance without the intervention of the town authorities. After a careful examination of the testimony in the printed case, we do not find the least conflict on these questions of fact. All the testimony relating to these matters conclusively shows that Mrs. Enyart was a pauper; that she had no means of her own; that she was seriously ill in August, 1878, with bilious pneumonia, and greatly needed medical aid when it was rendered. About these facts there was no conflict, and nothing really for the jury to pass upon. Submitting these questions in this manner as though there was some doubt on the evidence as to whether Mrs. Enyart was a pauper, and really needed medical assistance when it was rendered by Dr. Coats, had a tendency to injure the plaintiff's case. For, as we have said, these facts were conclusively established, and there was no conflict in the evidence about them.

This controversy between the two towns as to which, under the circumstances, is liable for the support of Mrs. Enyart and her children if they were paupers and stood in need of relief, involves but a small amount of money, while it does involve principles of law of considerable practical importance. We think the questions of fact were not submitted in a proper way to the jury, and we therefore feel constrained to grant a new trial for that reason. The questions arising upon the construction of the statute were fully considered upon the former appeal, and the law applicable to the case then settled. Nothing further need be said upon those points.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.