The Town of Saukville vs. The Town of Grafton.

THE TOWN OF SAUKVILLE, Respondent, vs. THE TOWN OF GRAFTON, Appellant.

*January 14 — February 1, 1887.*

*(1) Appeal to S. C.: Exceptions to finding of facts. (2) Paupers: Legal settlement.*

1. Unless the findings of fact are excepted to in writing and such exceptions are inserted in the bill of exceptions, the sufficiency of the evidence to sustain the findings cannot be inquired into on an appeal from the judgment. So *held* in a case where the findings were announced orally and the appellant had no knowledge that written findings had been made and filed until the bill of exceptions was made up, and no notice of the entry of judgment had been served on him.

2. A pauper about sixty years old, having a legal settlement in the town of G., was supported for ten years at the expense of that town in the poor-house of the town of S. Afterwards one D. was employed by the town of G. to support him for about six months at $1 per week, and thereafter for four years he lived with D. in the town of S. and worked for his board and clothes. D. then refused to support him, and he applied again to the town of G. for support, which was refused, and he was then supported by the town of S. *Held*, that he was a pauper all of the time mentioned, and therefore did not acquire a legal settlement in the town of S., and the town of G. remained liable for his support.

APPEAL from the Circuit Court for *Ozaukee* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *E. S. Turner*, and for the respondent on that of *Hedding & Jackson*.

The Town of Saukville vs. The Town of Grafton.

TAYLOR, J.  This was an action to compel the town of *Grafton* to pay the town of *Saukville* the sum of $45, which said town of *Saukville* had expended in the support and maintenance of one Christian Ebert, a pauper, who, the town of *Saukville* charges, had a legal settlement in said town of *Grafton*, and that such town was consequently liable to the town of *Saukville* for his support.  There is no question made as to the regularity of the proceedings on the part of the town of *Saukville* to charge the town of *Grafton* with the support furnished to the said Christian Ebert if he had a legal settlement in said town.  And both parties admit that said Ebert is now and was a pauper at the time such support was furnished, and that he required the support given to him by said town of *Saukville*.  The defense of the town of *Grafton* is that said Ebert had no legal settlement in said town of *Grafton* when such support was furnished to him, and that his legal settlement was in the town of *Saukville*.

The case was tried in the circuit court without a jury. After hearing the evidence, the court made and filed findings of fact and conclusions of law, and upon such findings judgment was entered in favor of the respondent, and against the defendant, the town of *Grafton*.  The record does not show that any exceptions were taken by the appellant either to the findings of fact or conclusions of law.  In that state of the record the only question for this court to consider is whether the judgment is supported by the findings.  The conclusions of law are that the said Ebert had, prior to 1872, a legal settlement, and has continued to have such settlement up to the commencement of this action, in the said town of *Grafton*, and from the 1st of January, 1872, up to the commencement of this action, said Ebert has continuously been a pauper; these two facts being the only ones contested on the trial.  All others being conceded,

the town of *Saukville* was entitled to the judgment as ordered by the court.

It is a well-settled rule of this court that when the findings of fact are not excepted to, the sufficiency of the evidence to sustain such findings cannot be inquired into on appeal from the judgment. See the following cases cited by the learned counsel for the respondent: *Cramer v. Hanaford*, 53 Wis. 85; *Wis. R. Imp. Co. v. Lyons*, 30 Wis. 61; *Thomas v. Mitchell*, 27 Wis. 414; *Mead v. Sup'rs Chippewa Co.* 41 Wis. 205. The learned counsel for the appellant states in his brief that the court announced his findings orally, and that he had no knowledge that any written findings of fact and conclusions of law were made and filed until the bill of exceptions was made up, and that no written notice of the judgment entered was served on him as required by sec. 2870. This is, however, no excuse for not taking written exceptions to the findings when they were produced and inserted in the bill of exceptions. As no notice of judgment had been served, the appellant would have been in time to file his written exceptions when the findings were produced and required to be inserted in the bill of exceptions. The exceptions to the findings must not only be in writing, but they must be inserted in the bill of exceptions. *Cramer v. Hanaford, supra.* See sec. 2875, R. S.

The findings of fact clearly sustain the judgment entered in the case. But, if we look into the evidence, it seems clear to us that the learned circuit judge was correct in his findings. The material question in the case was whether Mr. Ebert had a legal settlement in the town of *Grafton*. If he had, then that town is chargeable with his support. Now, the evidence is conclusive that before January 1, 1872, Ebert had a legal settlement in said town; that on or about that day he became a pauper, requiring support; that the town of *Grafton* placed him in the poor-house in the town of *Saukville*, where he was supported by the town of *Grafton*

until some time in the year 1881; that said Ebert, when he became a pauper, was about sixty years old; that when he left the poor-house, where he had been supported by the said town of *Grafton* for about nine and a half years, he was nearly seventy years old; that that town employed a Mr. Dengel to support him for about six months at a dollar per week, and thereafter and for four years he lived with Mr. Dengel, and worked for his board and clothes, in said town of *Saukville*. Thereafter Mr. Dengel refused to support him, and he again called upon the town of *Grafton* for support, which was refused, and the town of *Saukville* gave him support, and for such support this action is brought.

Having acquired a legal settlement in the town of *Grafton*, that town is liable for his support unless Mr. Ebert had thereafter acquired a legal settlement in some other town. His residence in the town of *Saukville* while he was supported therein as a pauper did not give him a legal settlement in such town. See *Scott v. Clayton*, 51 Wis. 185; 54 Wis. 499. There is no pretense that his residence in said town of *Saukville* from 1872 down to the fall of 1881 gave him any settlement in such town; and we think the court is right in holding that his residence after that date in said town, where he was supported by Mr. Dengel, did not give him a legal settlement therein. He was a pauper all the time, dependent on the charity of Mr. Dengel and not on his ability to support himself by his own labor. This is apparent from the fact that, as soon as Mr. Dengel withdrew his support, he at once became a public charge again. This man who for ten years, from the age of sixty to seventy years, had been a public pauper, unable to procure himself a support by his personal exertions, would not be likely to better his condition or improve his capacity for self-support after the age of seventy years.

Webster defines the word "pauper" to mean "a poor person; especially one so indigent as to depend on charity

for maintenance; or one supported by some public provision." Mr. Ebert was a pauper, according to the last definition of Webster, from January 1, 1872, to about October 1, 1881, and a pauper from that date, according to the first definition, until he again became a pauper by being supported by a public provision in October, 1885.

On the merits we think the case was properly decided.

*By the Court.*— The judgment of the circuit court is affirmed.