GEORGE W. MORGAN ET AL. v. JOHN E. BOTSFORD.

*Practice in Supreme Court—Findings of fact.*

1. It has long been the established practice that this Court cannot weigh the evidence, or draw conclusions from the facts, or review law cases upon the facts.

2. Findings of fact are conclusive where there is any evidence, legally admitted, tending to support such findings.

3. This Court cannot review the conclusions of the trial court, on a trial without a jury, as to the weight and bearing of evidence; and where no exceptions are taken, the only question of error is, do the findings of fact support the judgment? And, in the absence of such findings, this Court will not examine the evidence to see whether it sustains the conclusion of the court below.

4. No exception can be taken to a judgment rendered upon general findings of fact, where special findings were not asked for or made.

5. Error may be assigned upon the record, without exceptions, when the only question is whether the facts found support the judgment; citing *Trudo v. Anderson*, 10 Mich. 357; *Peck v. Bank*, 51 Id. 354.[1]

Error to St. Clair. (Canfield, J.) Argued June 6, 1890. Decided August 1, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

---

[1] See *Wilcox v. Eagle Tp.*, 81 Mich. 271.

*George P. Voorheis,* for appellant.

*P. H. Phillips,* for plaintiffs.

CHAMPLIN, C. J.　Plaintiffs brought an action in the court below to recover the balance due for a quantity of coal sold and delivered to the defendant.

The defendant pleaded the general issue, and gave notice that the plaintiffs had entered into a general average bond to pay their proportion of the losses and expenses arising from the raising of the schooner barge H. F. Church, which had sunk in the river near the pier at Cleveland, Ohio, having on board a cargo of coal belonging to the plaintiffs in this suit.　The court below rendered a judgment in favor of the plaintiffs for $746.67.

There appears in the record before us the following exception:

"And now comes the said defendant, John E. Botsford, by George P. Voorheis, his attorney, and excepts to the conclusion of the circuit judge in rendering a judgment for the plaintiffs instead of the defendant, for the reason that, under the pleadings and proofs in this cause, the defendant is entitled to a judgment."

There does not appear in the record before us any exceptions to the ruling of the court during the progress of the trial of the cause, and no errors are assigned upon any rulings of the court in the admission or rejection of testimony.　The cause was tried before the court without a jury.　No requests were made for written findings of fact and law, and none were made.　The defendant's attorney has brought the case to this Court by a writ of error.

The counsel for the plaintiffs insists that the exception to the judgment above quoted was not filed in the circuit court until May 10, 1890, and without any notice to him, and after the bill of exceptions had been settled and filed,

on March 26, previous; and he insists that such exception ought not to be considered by the Court.

It has long been the established practice in this Court that we cannot weigh the evidence, or draw conclusions from facts, and that we cannot review law cases upon the facts. See Jacobs & C. Dig. tit. "Error," p. 727, § 303. We have also held that the findings of the court on a trial without a jury are conclusive as to the facts where there is any evidence, legally admitted, tending to support them, and they will not be reviewed. See authorities collected in Id. p. 728, § 318. Neither can we review the conclusions of the court below, on a trial without a jury, as to the weight and bearing of the evidence; and, where no exceptions are taken in a case tried without a jury, the only question of error is, do the findings of fact support the judgment? And, if no findings of fact are obtained, this Court will not examine the evidence to see whether it sustains the conclusion of the court below. We have also held that no exception can be taken to a judgment upon general findings of fact made by the court, where no special findings were asked for or made. Id. p. 728, §§ 319, 323, 324, p. 729, §§ 333, 336, 339. And in *Chatterton v. Parrott,* 46 Mich. 432 (9 N. W. Rep. 482), we held that we had no power to review law cases upon the facts. Our jurisdiction is limited to a review of the rulings of the trial court on such questions of law as were distinctly presented and passed upon.

There is nothing in the record before us which we are authorized to consider. The testimony contained in the bill of exceptions certainly supports the judgment, and we cannot say whether the court passed upon the points raised by the testimony of the defendant or not. We have no basis of knowing what particular reasons influenced the court to render the judgment he did. Error may be assigned upon the record, without exceptions,

when the only question is whether the facts found support the judgment; the finding being treated in such cases as a special verdict. *Trudo v. Anderson,* 10 Mich. 357; *Peck v. Bank,* 51 Id. 354 (16 N. W. Rep. 681). Here there is no special finding, and nothing that can be reviewed. The questions raised and argued in the briefs of counsel are very interesting, but are not raised by the record, and are not properly before us for review.

The judgment must be affirmed.

MORSE, CAHILL, and LONG, JJ., concurred. GRANT, J., did not sit.