(81 N. W. Rep. 285.)

---

CONSTANTINE SCHWEINBER *vs.* GREAT WESTERN ELEVATOR CO.

Opinion filed November 22, 1899.

**Objection to Any Evidence Because of Insufficiency of Complaint Must Point Out Defect.**

An objection to the introduction of any evidence, upon the ground that the complaint does not state a cause of action, made at the beginning of the trial, is insufficient. The attack at that stage of the case must be specific.

**Mortgage of Future Crop—Statute.**

Section 4681, Rev. Codes, was enacted to prevent taking mortgages on crops to be grown for an indefinite number of years. It never was intended to avoid a mortgage of the crop for the existing year, whether matured or not.

**Presumption of Delivery.**

In the absence of testimony, the law presumes that a chattel mortgage is delivered on the day of its date.

Appeal from District Court, Barnes County; *Glaspell,* J.

Action by Constantine Schweinber against the Great Western Elevator Company. Judgment for plaintiff. Defendant appeals. Affirmed.

N. D. R.—8

*P. H. Rourke,* for appellant.

*Winterer & Winterer,* for respondent.

BARTHOLOMEW, C. J.    Action in conversion by a mortgagee of certain .wheat grown upon certain land in the year 1897.    Complaint in usual form.    Answer in denial, except that the defendant admits that at the time specified it purchased certain wheat of the mortgagor, and paid him therefor.    Defendant introduced no testimony, but at close of plaintiff's testimony moved for a directed verdict in its favor.    Motion denied, and the court of its own motion directed a verdict for plaintiff.    From the judgment entered upon the verdict, defendant appeals to this court.

Certain errors of law are specified, the first being the overruling of defendant's objection made at the opening of the case to the introduction of any testimony, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.    We have held at this term (*Chilson* v. *Bank,* 9 N. D. 96, 81 N. W. Rep. 33), and it is well sustained, that this form of objection is not good.    It points out no defects in the complaint, gives the court no opportunity to order an amendment, and gives plaintiff no opportunity to amend voluntarily.    At that stage of the case the court cannot stop all proceedings until it can critically examine a complaint, however long, however involved and technical, to see that it contains every required averment.    If a defendant elect to defer his attack upon the pleading until the taking of testimony is reached, he must make his objection specific.

The second error of law urged relates to the admission of certain testimony touching the grade of the wheat.    It is claimed that the testimony was incompetent, because the grade was fixed at a mill, and not at an elevator.    We know of no reason why one is not as competent as the other.    There is no suggestion that there is any difference in the grades, whether made at the mill or at the elevator.

The third assigned error of law is based upon the rulings on the motion for verdict.    No grounds for the motion were assigned, and we do not intend to pass upon its legal sufficiency, but assume it, for the purposes of the case.    In the assignment it is urged that there was no proof that any crop matured on the land after the delivery of the mortgage.    This is an attack upon the lien. Section 4680, Rev. Codes, reads : "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence.    In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest." And the following section reads :  "A lien by contract upon crops shall attach only to the crop next maturing after the delivery ·of such contract."    In construing this statute, we must keep in mind the object of its enactment,—the evil that it was intended to cure. It was enacted to stop the practice which previously existed of taking chattel mortgages upon crops to be grown for an indefinite number

of years in the future. Its acts as a limitation, and never was intended to avoid a mortgage of a crop for the existing year, whether the crop was mature or not.

There is nothing in the point that there was no proof of time of delivery of the mortgage. It was dated August 2, 1897, and the law presumes, in the absence of proof, that it was delivered upon that day. 9 Am. & Eng. Enc. L. (2d Ed.) 152.

It is also claimed that there was no proof of demand and refusal, but this claim is without support in the evidence, as is also the claim that there was no proof of value. All of appellant's assignments of error are overruled, and the judgment of the District Court is affirmed. All concur.