WESTERN MANUFACTURING COMPANY v. GEORGE F. PEABODY.

Opinion filed June 22, 1909

**Appeal and Error — Sufficiency of Findings.**

1. The sufficiency of findings of fact to support the conclusions and judgment may be challenged by assignments of error upon the record proper, without exceptions having been taken to such findings.

**Same.**

2. A recovery under defendant's counterclaim, based upon an alleged cause of action arising under a contract, whereby plaintiff, who sold certain jewelry to defendant, agreed that if defendant failed to sell enough of such jewelry within one year to equal one and one-half times the purchase price, he (plaintiff) would redeem or purchase back from defendant the unsold portion at the invoice price, cannot be sustained, where the findings totally fail to find that any such contingency has arisen. So far as the findings disclose, defendant may have sold, at retail prices, enough of such jewelry to equal one and one-half times the wholesale price of the entire consignment. Hence, the findings · are insufficient to support the judgment on any theory of law.

Appeal from District Court, Foster county; *Edward T. Burke,* J.

Action by the Western Manfacturing Company against George F. Peabody.

Judgment for defendant and plaintiff appeals. Reversed.

*W. E. Hoopes* (Engerud, Holt & Frame, of Counsel), for appellant.

To support a judgment, findings must be based upon matter properly pleaded. Cawley et al. v. Day et al., 56 N. W. 749; Haynes on New Trial and Appeal, Sec. 242; Lewis v. Meyers, 3 Cal. 475; Mondran v. Goux, 51 Cal. 151; Devoe v. Devoe, 51 Cal. 543; Harkins v. Cooley, 55 S. D. 227; Anderson v. Alseth, 62 N. W. 435; R. L. Co. v. S. & P. P. Co., 135 N. Y. 209.

*C. B. Craven,* for respondent.

Objection to findings cannot first be raised on appeal. Naddy v. Deitze, 86 N. W. 753; De Lendrecie v. Peck, 48 N. W. 342.

FISK, J. This action originated in justice court, and was brought to recover upon a promissory note for $32, executed and delivered

by defendant to the plaintiff as a part of the purchase price of a certain consignment of jewelry sold and delivered by plaintiff to defendant on or about February 10, 1905. The answer admits the execution of the note sued upon, but alleges, by way of counterclaim, that at the time the same was executed and delivered, defendant purchased a consignment of jewelry from plaintiff at the wholesale invoice price of $192, under an express agreement that, if the defendant should fail to sell, within one year from the date thereof, at retail price an amount of such jewelry equal to $1\frac{1}{2}$ times the total amount of such contract, towit, $192, the plaintiff would redeem or purchase back from defendant the unsold portion of such jewelry remaining in defendant's possession at the expiration of said year, paying therefor the wholesale invoice price thereof. The answer further alleges that defendant had on hand, at the expiration of said year, according to the wholesale invoice price thereof, jewelry thus purchased from plaintiff aggregating in value $153.51, which he had failed to sell, and that defendant requested plaintiff to redeem or purchase back from him said jewelry pursuant to the terms of such contract, but that plaintiff has refused so to do, and defendant prays for judgment in his favor for the sum of $131.51. The answer also prays the plaintiff be adjudged to be the owner of such jewelry, but that defendant be awarded the possession thereof until such time as the plaintiff shall have complied with its agreement to redeem said property, and that if the plaintiff shall not redeem the same within thirty days from the date of the entry of judgment, such property to be sold by the sheriff or any constable under execution.

Defendant recovered an affirmative judgment in the justice court for the sum of $152.90, and costs, from which an appeal was taken to the district court, where a new trial was had, a jury being waived. At the conclusion of the trial the court made findings of fact and conclusions of law, in substance as follows: (1) That defendant, on or about the 11th day of February, 1905, purchased of the plaintiff a consignment of jewelry at the wholesale invoice price of $192; (2) that such purchase was made upon a written contract, which provided that if the defendant should fail to sell an amount of such jewelry equal to $1\frac{1}{2}$ of the total amount of such jewelry, plaintiff would remit to defendant the balance of the price of the jewelry remaining at the expiration of said contract, at the wholesale price thereof; (3) that the total amount of such jewelry sold by defendant

at the wholesale price thereof amounted only to the sum of $38.49; (4) that the total amount of such jewelry remaining unsold at the expiration of one year, according to the wholesale invoice price, is $153.51, and that defendant has demanded of the plaintiff that it redeem or repurchase such property, and the plaintiff refuses so to do. From such facts the court made conclusions of law, in substance, as follows: That defendant is entitled to recover of the plaintiff the sum of $131.51, and interest thereon from February 11, 1905, at the rate of 7 per cent per annum; that plaintiff is the owner of all of the jewelry remaining in the possession of defendant on February 11, 1906. Pursuant to such findings and conclusions the trial court ordered that defendant have and recover from the plaintiff the sum $131.51, with interest as aforesaid, together with his costs and disbursements, and that plaintiff within ten days after the service of said order upon it, shall deposit such jewelry with the clerk of the district court. Judgment was entered pursuant to such order, from which plaintiff has appealed to this court. No statement of case was settled, and the sole errors assigned relate to the face of the judgment roll proper.

Appellant assigns error as follows: (1) The findings and conclusions do not conform to the issues presented by the pleadings. (2) The findings and conclusions are too obscure to sustain the judgment. (3) The conclusions and judgment are not supported by the findings of fact, because (a) the recovery awarded is greater in amount than is warranted by the facts pleaded and found; (b) the findings do not show that plaintiff's obligations to redeem ever became operative; (c) the facts pleaded and found do not warrant a recovery of the invoice value of the goods remaining unsold, neither do they warrant a recovery for damages for the breach of plaintiff's agreement to redeem or a judgment for the foreclosure of a vendor's lien and a recovery of a deficiency arising on sale of the goods as a pledge. (4) The judgment is too indefinite and ambiguous to constitute a final determination of the rights of the parties, and is not warranted by the facts pleaded and found. It is entirely clear that the conclusions of law and judgment are not supported by the findings of fact, and hence the judgment is erroneous, and must be reversed. This conclusion renders it unnecessary to notice any of the assignments other than the third, and, in view of the admission of respondent's counsel that the amount of the recovery is in excess of

that warranted by the facts as pleaded and found, we shall merely notice the second and third grounds for reasons relied on in support of such assignment, and these will be considered together, and but briefly.

The stipulation of facts set out in respondent's brief, even if it contained a sufficient statement of facts to support respondent's counterclaim, cannot be considered, as it has not been incorporated in, and made a part of the record by the settlement of a statement of the case. This was, of course, essential, to bring the same properly to our attention. Nor does the fact that appellant saved no exceptions to the findings of the trial court in any manner deprive him of the right to attack their sufficiency to support the conclusions and judgment. It is well settled that error may be assigned upon the record, without exceptions, when the only question is whether the facts found support the judgment. The findings are treated as a special verdict in such cases. Morgan v. Botsford, 82 Mich. 153, 46 N. W. 230; Saukville v. Grafton, 68 Wis. 192, 31 N. W. 719; Seeberger v. Schlesinger, 152 U. S. 581, 14 Sup. Ct. 729, 38 L. Ed. 560, 8 Encyc. of Pl. & Pr. pp. 273, 274, and cases cited. Our reasons for saying that the conclusions of law and judgment are without support in the findings are briefly the following: Such conclusions and judgment award a recovery to respondent upon his alleged counterclaim, but the findings fail absolutely to show, or to find as a fact, that a cause of action on such counterclaim ever accrued to respondent under the terms of the contract. By its terms appellant obligated itself to purchase or redeem from respondent at the end of one year such portion of the goods as should remain unsold in respondent's possession "if the defendant should fail to sell an amount of such jewelry equal to one and one-half of the total amount of such jewelry." In other words, if defendant failed within a year to sell enough of such goods to equal, at retail prices, 1½ times the total invoice price thereof, appellant agreed to redeem or purchase back from respondent the unsold portion at the wholesale invoice price thereof. The findings totally fail to disclose that any such contingency ever arose. The third finding is to the effect that defendant sold enough of such jewelry to equal, at the wholesale price thereof, the sum of only $38.49. What he received for it at retail prices is nowhere disclosed. It was incumbent upon him, in order to substantiate a cause of action under the counterclaim, to allege and prove that he failed to receive for the portion sold by him

a sum equal to 1½ times the total invoice price of all such jewelry. Hence the findings are insufficient to support a recovery on the counterclaim under any theory or rule of law.

It follows that the judgment must be, and the same is hereby, reversed, and a new trial ordered. All concur, except MORGAN, C. J., not participating.