## STATE OF NORTH DAKOTA EX REL. N. B. LIVINGSTON, Respondent, v. F. W. ROSE, C. L. Tompkins, Tom Smith, G. J. Peterson, W. N. Hocking, Members of the North Dakota Board of Dental Examiners, Appellants.

### (170 N. W. 879.)

**Record on appeal — evidence not contained in — facts found by trial court — presumed established by evidence.**

Where the evidence is not contained in the record transmitted to this court, it must be assumed that the evidence adduced upon the trial established the facts as found by the trial court.

### Opinion filed January 9, 1919.

From a judgment of the District Court of Ward County, *Leighton,* J., defendants appeal.

Affirmed.

*William Langer,* Attorney General, *Daniel Brennan,* Assistant Attorney General, and *O. B. Herigstad,* State's Attorney, Ward county, for appellants.

The appellants claim that the respondent has not complied with the laws of this state, nor does his complaint or petition herein contain a statement of facts showing his compliance with the laws of this state, or that he is a properly qualified person to admit to the practice of dentistry in this state. There is no showing that respondent ever presented to these appellants, the dental board, any evidence of his preliminary high school education which entitles him to admission without condition to the freshman class in the College of Liberal Arts of the University of North Dakota, and he is not entitled to take the examination under the laws of this state. Sess. Laws 1915, chap. 119, § 2; Comp. Laws 1913, § 510; Sess. Laws 1911, chap. 280.

*Sinkler & Eide* and *Fisk & Murphy,* for respondent.

The petition here was not subject to attack by demurrer, the proper practice being a motion to quash the alternative writ. State v. Olson, 30 S. D. 460, 139 N. W. 109.

This being a special proceeding of a civil nature, the findings upon

disputed questions of fact have the force of a verdict, and will not be disturbed if there is any evidence to support them. Schmidt v. Anderson, 29 N. D. 262, 150 N. W. 871; State ex rel. Trimble v. St. Paul & S. Ste. M. R. Co. 28 N. D. 621, 150 N. W. 463.

The statute here under consideration is reciprocal in its nature, and should be given a liberal construction. Laws 1915, § 2, chap. 119.

PER CURIAM. This is an appeal from an order granting a writ of mandamus directing defendants as members of the North Dakota Board of Dental Examiners to issue to the petitioner N. B. Livingston, a license to practise dentistry in the state of North Dakota. The return of answer alleges that the laws of Arkansas, where the petitioner formerly practised his profession, did not maintain a standard equal to that required in this state, and that therefore the petitioner was not entitled to be admitted to practise under the provisions of § .2, of chapter 19, of the Laws of 1915. The case comes to this court upon the judgment roll alone. No statement of the case has been settled. Hence, it must be assumed that the facts as found by the trial court were established by the evidence. The trial court found that the standard established by the laws of Arkansas was equal to that established by this state. Ordinarily the laws of a sister state must be pleaded and proved as facts. 5 Enc. Ev. 808. But in this state the judge, upon being called upon to do so, may take judicial notice "of the laws of a sister state when the printed and authenticated volumes are presented to the court for examination." Comp. Laws 1913, § 7938, subd. 63. In the case at bar the findings of fact of the trial court sustained the conclusions drawn. And in the absence of the evidence, we are in no position to review the correctness of the findings or determine whether they are in fact sustained by the evidence. The judgment of the District Court must therefore be affirmed. It is so ordered.

GRACE, J. I concur in the result.