[File No. 6298.]

L. A. COREY, as Receiver of the Dakota Lumber Company, a Corporation, Respondent, v. GEO. L. WERTZLER, W. G. Connors, and Roseglen State Bank, a Banking Corporation,
and
GEO. L. WERTZLER and W. G. Connors, Appellants.

(257 N. W. 467.)

Opinion filed November 22, 1934.   Rehearing denied December 13, 1934.

*B. H. Bradford* and *G. S. Wooledge,* for appellants.

*E. B. McCutcheon* and *Halvor Halvorson,* for respondent.

McFarland, Dist. J. This is an appeal from a judgment. The case was tried to the court without a jury. The record consists of the judgment roll. No statement of the case has been procured or settled.

The part of the record necessary to consider the questions raised is set forth. The complaint alleges: (1) Appointment of a receiver for plaintiff, Dakota Lumber Company, mentioned herein as "company" and authority to institute the suit. (2) That defendants Wertzler and Connors at all times mentioned were stockholders and managing officers of the company and that Connors was a managing officer of the other defendant, Roseglen State Bank. (3) That in 1926 and 1927, the defendants, Wertzler and Connors, as such managing officers, and Roseglen State Bank, did unlawfully, wrongfully and fraudulently conspire together, engage in and carry out a scheme and method to abstract assets from plaintiff company by a certain purported sale of stock by Connors to Wertzler by Wertzler issuing to Connors and the Roseglen Bank notes endorsed by plaintiff company for said stock, at a time when defendant managing officers of plaintiff company knew it was at all times mentioned insolvent and wholly unable to pay its liabilities, and at a time when Wertzler had no property or means with which to purchase said stock, a fact well known to Connors, in which scheme and device Wertzler used funds of and charged against plaintiff company in making payments to Connors the sum of $15,000, at a time when plaintiff company was not indebted to Connors or Wertzler, with their knowledge of the fact that said payments were so fraudulently made. That as a part of said stock transaction certain notes, endorsed

by plaintiff company without consideration, inuring to the benefit of Connors, were negotiated through the Roseglen Bank to a St. Paul bank from which Connors wrongfully received the sum of $5,000. That while Wertzler purported to purchase said stock in his own name by transfer upon the books of the corporation to himself and other nominees through this device and method, defendants did unlawfully abstract from the corporation and cause to be paid to Connors a large sum of money in cash. Plaintiff makes appropriate prayer for relief for accounting and a money demand.

Defendant Wertzler answers that after the accrual of the cause of action set forth by plaintiff, he was adjudged a bankrupt in the District Court of the United States, from which he received his lawful discharge, in which plaintiff's claim was scheduled and provable. Further, defendants answer separately by general denial.

Findings were made that no liability existed against defendant bank. The findings set forth a stock transaction in February, 1925, whereby Wertzler, and two others, entered into an agreement with Connors, and two others, whereby the former purchased all of the capital stock of the latter group in the company. The findings further set forth "that after the transfer of said stock to Wertzler and his group, it put into their hands the absolute ownership and control of the corporation and they used this instrumentality of the corporation in carrying out said stock transaction. . . ." The findings further set forth that between October 5th, 1927, and June 15th, 1930, there was paid out of the assets of the company $11,236.46 on behalf of Wertzler, and Connors and his associates; the last payment being in the sum of $3,281.22, made June 15th, 1930, at which time the company was in an insolvent condition. After allowing certain credits, there remained a debt due plaintiff from defendants in the sum of $2,636.46, for which sum Connors, and also Wertzler is liable "notwithstanding his discharge in bankruptcy, the obligation being one which under the terms of the bankruptcy law is not dischargeable." There is no further finding on the issues made by complaint and answers of the official relation which defendants Wertzler and Connors sustained to the plaintiff corporation, or the insolvency of the company, or fraud at time of transaction of which complaint is made.

The memorandum opinion of the trial judge is dated September 2nd,

1933. The findings of fact, conclusions of law, and order for judgment, were dated and filed November 3rd, 1933, together with memorandum opinion. Judgment was entered and notice of entry of judgment given on November 4th, 1933, and three days later the trial judge resigned his office and became a member of this court. The conclusions of law and judgment provide the defendants are indebted to plaintiff in the sum of $2,636.46, and interest.

The question for determination is: Are the findings of fact sufficient to sustain the conclusions of law and judgment? The defendants contend that they are not sufficient in particular as follows: (1) That there is no finding that defendants at the times mentioned were officers of the plaintiff company; (2) That there is no finding that the plaintiff company was insolvent at the time the transactions complained of took place; and (3) That there is no finding of fraud or unlawful act at the time of the stock transaction of which complaint is made. Plaintiff contends that any failure to make additional or corrected findings is overcome by the presumption of regularity supporting the judgment; and that defendants have waived additional or corrected findings by requesting the case to be reopened for taking of further evidence on one point after the receipt of the trial judge's memorandum opinion and before the findings were made and filed. It is also contended that no exceptions were taken to the findings before appeal or shown on the record. The contention of the defendants must be sustained.

The rule is well established that one asserting error on appeal has the duty and burden of presenting a record which affirmatively shows error of the trial court. Every presumption must be accorded in favor of the judgment entered. State ex rel. Livingston v. Rose, 41 N. D. 251, 170 N. W. 879; Raad v. Grant, 43 N. D. 546, 169 N. W. 588; Halstead v. Missouri Slope Land & Invest. Co. 48 N. D. 1001, 188 N. W. 163; Austad v. Dreier, 57 N. D. 224, 221 N. W. 1; 2 Enc. Pl. & Pr. 420 et seq.; 4 C. J. (Appeal and Error) 731, §§ 2662 et seq. But here the facts found do not support the judgment. Plaintiff's cause of action asserted in the complaint is bottomed upon the material facts put in issue under the answers; that defendants were officers of plaintiff company; that the plaintiff company was insolvent at the time of the transactions brought into question; and that the acts of which complaint is made were founded in fraud. There is no finding by the trial court

upon these material issues. They are necessary to plaintiff's recovery. Without findings on these material points, the transaction complained of may have been perfectly innocent and lawful. Such it appears from the face of the record by an examination of the findings made. There is no finding that defendants sustained relationship as officers of plaintiff company, or of fraud or wrongdoing. Neither is there any finding of insolvency of plaintiff company, except with reference to insolvency when last funds were abstracted or payment was made, in June, 1930, five years after the transaction complained of took place and some three years after first payment made in 1927. Therefore the conclusions of law and judgment are without necessary support in the findings and cannot stand. Holt v. Van Eps, 1 Dak. 206, 46 N. W. 689; Gull River Lumber Co. v. School Dist. 1 N. D. 500, 48 N. W. 427; Roberts, T. & Co. v. Laughlin, 4 N. D. 167, 172, 59 N. W. 967; Schweinber v. Great Western Elevator Co. 9 N. D. 113, 81 N. W. 35; Western Mfg. Co. v. Peabody, 19 N. D. 112, 122 N. W. 332; Christ v. Johnstone, 25 N. D. 6, 140 N. W. 678; Farm Mortg. Loan Co. v. Pettet, 51 N. D. 491, 508, 200 N. W. 497, 36 A.L.R. 598; 8 Enc. Pl. & Pr. (Findings of Court), p. 943, ¶ 4.

In view of the record as here pointed out and in that we do not know what evidence was produced upon the trial or proceedings there had, it follows that there must be a retrial of the case. But two days elapsed between the service of the notice of entry of judgment and the vacation of the office by the trial judge. After the trial judge left his office he could make no further finding or decision. Crane v. First Nat. Bank, 26 N. D. 268, 144 N. W. 96; Company A, First Regiment v. State, 55 N. D. 897, 215 N. W. 476, 54 A.L.R. 948. For this reason, the case cannot be remanded for the making of additional or corrected findings as the statute provides. See chapter 214, Laws 1927. See Bahnsen v. Gilbert, 55 Minn. 334, 56 N. W. 1117.

The judgment is reversed and a new trial ordered.

BURR, Ch. J., and CHRISTIANSON, BURKE and NUESSLE, JJ., concur.

MOELLRING, J., disqualified, did not participate, Hon. R. G. McFAR-LAND, Judge of Fourth Judicial District, sitting in his stead.